# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY McKNIGHT,

        Petitioner,    :    Case No. 2:09-cv-059

- vs -    Chief Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.    :

## DECISION AND ORDER STRIKING RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This habeas corpus case is before the Court on Respondent's Motion for Judgment on the Pleadings (Doc. No. 22) which Petitioner opposes (Doc. No. 24). Respondent has filed a Reply in Support (Doc. No. 25).

On August 30, 2010, the Court struck Respondent's prior Motion for Summary Judgment and allowed Respondent to file a motion for judgment on the pleadings by September 15, 2010. The Court suggested a Fed. R. Civ. P. 12(c) motion as an alternative, stating: "Once the pleadings are complete, Respondent is free to seek dismissal of any claims which he believes are not appropriately pled by filing a motion for judgment on the pleadings under Fed.R. Civ. P. 12(c)." (Order, Doc. No. 20, PageID 1090.)  The instant Motion followed.

In arguing that his timing for a Rule 12(c) motion is appropriate, Respondent notes that the pleadings in this case are complete and "an evidentiary hearing has not been authorized or scheduled." (Motion, Doc. No. 22, Page ID 1182.) However, the Scheduling Order does not require

1

motions for evidentiary hearing to be filed until thirty days after completion of discovery or the Court's denial of discovery. (Scheduling Order, Doc. No. 11, Page ID 287-288.)

Respondent cites as the standard for deciding a Rule 12(c) motion that it "assumes that the factual allegations in the complaint are true and asks whether the plaintiff undoubtedly can prove no set of facts in support of his claims which would entitle him to relief." (Motion, Doc. No. 22, Page ID 1182), citing *Ross, Brovins & Oemke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Respondent then argues that this standard must be modified for habeas corpus actions because 28 U.S.C. § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Respondent then cites courts which have applied this AEDPA standard in deciding summary judgment motions in habeas corpus cases (Motion, Doc. No. 22, Page ID 1183.)

The crux of Respondent's position on use of motions for judgment on the pleadings in habeas is "when a party attaches the state court record to his pleadings (e.g., by way of the appendix to the return of writ), judgment may be rendered on the pleadings because they contain all that is necessary or relevant to the adjudication." *Id.* at Page ID 1184.

As to any claims "derive[d] from" McKnight's direct appeal to the Ohio Supreme Court, Respondent asserts that McKnight is limited to the state court record and is not entitled to any discovery or evidentiary hearing. In support of judgment on these claims, Respondent incorporates summarily his argument in the Return of Writ (Page ID 1185 citing Page ID 1133-1158).

Respondent then notes that McKnight "indicated he would request discovery and an evidentiary hearing on thirteen claims for relief," but asserts "any record development would be

irrelevant to the Court's determination, which is confined by the AEDPA." (Motion, Doc. No. 22, Page ID 1186.) As to claims on which Petitioner evinced no intention to seek discovery, Respondent cites McKnight's apparent agreement that they can also be dealt with on the pleadings, albeit in Petitioner's favor. *Id.* Respondent then cites six other categories of claims as to which he asserts the record is sufficient, cannot lawfully be expanded, and on which he claims entitlement to judgment (Motion, Doc. No. 22, Page ID 1187-1190). Respondent makes no citation to law or the state court record; instead portions of the pleadings are incorporated by reference.

In recently denying the Warden's Motion for Leave to File a Motion for Judgment on the Pleadings in *Gapen v. Bobby,* 3:08-cv-280, this judge recently wrote:

> The Court's Scheduling Order in this case contemplates the usual schedule this Court has followed in adjudicating capital habeas corpus cases: completion of the pleadings (which includes filing all or at least most of the state court record), discovery, an evidentiary hearing if warranted, and a comprehensive report and recommendations to the assigned district judge. The Magistrate Judge has adopted this manner of proceeding in contrast to the method used by some District Judges of this Court of considering procedural default matters first and then only reaching the merits on remaining claims. The latter method seems to result in more delay in disposition of these cases. That delay would likely be increased in cases where there has been a magistrate judge reference because, obviously, Rule 12(c) and 56 motions are classified as dispositive under the Magistrates' Act, requiring a report and recommendations and then delay until the district judge adjudicates any objections (which are invariably forthcoming). To be clear, this judge has no desire to "rush to judgment" in these cases, but believes from experience that considering them comprehensively, on a complete record, enhances the quality of decisions and promotes better review by the district and circuit courts.
>
> Although this judge has followed this pattern for probably the last ten years, recent efforts by the Ohio Attorney General's Office to file motions for summary judgment or judgment on the pleadings in capital cases (e.g., *McKnight*, 2:09-cv-059; *Conway*, 3:07-cv-345) seem to question the validity of this approach. The Court would

3

> welcome a candid discussion of general scheduling issues for these cases which would include both the Capital Crimes Unit of the Ohio Attorney General and the Capital Habeas Unit of the Federal Public Defender.
>
> At present, the Court remains unpersuaded that adopting this revised method best conduces to the administration of justice in this case. The Court disagrees with the idea, advanced in the instant Motion, that all of the state court filings constitute "attachments" to pleadings in the sense suggested by the Motion. Moreover, Respondent's suggested plan of proceeding calls for denying Petitioner's Motion for Discovery as moot and postponing any decision on discovery until after a report and recommendations on the proposed 12(c) motion and a ruling by the district court on the (inevitable) objections. Postponement of discovery inevitably reduces its utility as memories fade.
>
> It may be that in particular cases a specific piece of discovery is viewed as so burdensome by the State that deciding first whether the relevant claim has been procedurally defaulted is an efficient use of litigation resources. But the Court is unpersuaded at this time to a general change in method of adjudicating capital cases.
>
> Respondent's Motion is denied.

(*Gapen v. Bobby,* 3:08-cv-280, Doc. No. 61, November 8, 2010.)

The logic of the *Gapen* decision is fully applicable here. When the Court struck Respondent's summary judgment motion and suggested that a Rule 12(c) motion might be appropriate to test the pleadings on one or more claims, it did not anticipate a motion which sought dismissal of all claims on a memorandum which essentially says "Judge, see the pleadings."

In ordinary civil litigation when the Court sees motions under Fed. R. Civ. P. 12(b)(6) or 12(c), they address pleadings which are (or are supposed to be) short, plain statements of claims met by admissions and denials, and short, plain statements of affirmative defenses. The motions, then, focus on the claims sought to be dismissed and are supported, as required by S. D. Ohio Civ. R. 7.2, with memoranda of points and authorities.

4

In habeas practice, with little support from the Rules Governing § 2254 Cases, petitions and answers have been turned into briefs with extensive arguments and citations of authority. The Rules Governing § 2254 Cases, in contrast, require petitions which are not much more elaborate than civil complaints. Habeas Rule 5 also does not require an answer which is a brief. Instead, a respondent must "address the allegations" and plead the defenses of failure to exhaust, procedural bar, non-retroactivity, or statute of limitations.

In interpreting and applying the Habeas Rules in capital cases, courts and counsel must remember the contexts of their adoption and most frequent application. They were adopted in 1976 at the end of the *Furman v. Georgia,* 408 U.S. 238 (1972), era and before statutes enacted in light of *Gregg v. Georgia*, 428 U.S. 153 (1976), had begun to have any impact on district court habeas corpus dockets. They were designed to guide the vast majority of habeas corpus petitioners, who, then and now, proceed *pro se*. They permit, but do not require, that the Federal Rules of Civil Procedure be applied to habeas proceedings. Habeas Rule 12.

As noted in *Gapen*, this Court has serious doubts about the utility of Rule 12(c) motions in capital habeas corpus practice. The instant Motion, which is so conclusory but which seeks dismissal of all claims in the Petition, confirms that doubt. The Court also doubts, as stated in *Gapen*, the propriety in habeas practice of treating the entire state record as an "attachment" to the pleadings so as to make Rule 12(c) applicable to all of that material.

Respondent rightly confronts the Court with its recent decision in *Conway v. Houk,* Case No. 3:07-cv-345, not to apply a procedural default defense to a claim on which discovery was sought because that defense had not yet been adjudicated nor had it even been requested to be adjudicated. The Court continues to believe the *Conway* decision was correct: nothing in habeas corpus

5

jurisprudence requires a court to deny discovery on a claim because a respondent has **pled** procedural default. That is consistent with the statement in *Gapen, supra*, that "[i]t may be that in particular cases a specific piece of discovery is viewed as so burdensome by the State that deciding first whether the relevant claim has been procedurally defaulted is an efficient use of litigation resources." But that does not imply that it is an efficient use of judicial resources to try to decide an entire capital case on a Rule 12(c) motion which relies on the entire state record as an attachment and which makes no argument in the body of the 12-page motion beyond incorporating by reference, in an index fashion, hundreds of pages of a brief-like Return of Writ.

The Court repeats its invitation, made in *Gapen, supra*, to discuss general scheduling issues in capital cases with both the Capital Crimes Unit of the Ohio Attorney General's Office and the Capital Habeas Unit of the Federal Public Defender's Office. However, given the shape and content of the instant Motion, the Court repents of its invitation to Respondent to file a motion for judgment on the pleadings in this case. That invitation is withdrawn and the instant Motion is **STRICKEN**.

Should Petitioner actually seek discovery or an evidentiary hearing on a claim which Respondent contends should be exempt from discovery, either because of procedural default or some other reason which requires adjudication prior to discovery, Respondent's counsel should request a scheduling conference which may result in permission to file a **focused** Rule 12(c) or Rule 56 motion. Adjudicating the instant Motion on the merits is not an efficient use of scarce judicial resources.

November 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY McKNIGHT,

               Petitioner,     :     Case No. 2:09-cv-059

   - vs -                                           Chief Judge Susan J. Dlott
                                                      Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

               Respondent.     :

## DECISION AND ORDER STRIKING RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This habeas corpus case is before the Court on Respondent's Motion for Judgment on the Pleadings (Doc. No. 22) which Petitioner opposes (Doc. No. 24). Respondent has filed a Reply in Support (Doc. No. 25).

On August 30, 2010, the Court struck Respondent's prior Motion for Summary Judgment and allowed Respondent to file a motion for judgment on the pleadings by September 15, 2010. The Court suggested a Fed. R. Civ. P. 12(c) motion as an alternative, stating: "Once the pleadings are complete, Respondent is free to seek dismissal of any claims which he believes are not appropriately pled by filing a motion for judgment on the pleadings under Fed.R. Civ. P. 12(c)." (Order, Doc. No. 20, PageID 1090.)  The instant Motion followed.

In arguing that his timing for a Rule 12(c) motion is appropriate, Respondent notes that the pleadings in this case are complete and "an evidentiary hearing has not been authorized or scheduled." (Motion, Doc. No. 22, Page ID 1182.) However, the Scheduling Order does not require

1

motions for evidentiary hearing to be filed until thirty days after completion of discovery or the Court's denial of discovery. (Scheduling Order, Doc. No. 11, Page ID 287-288.)

Respondent cites as the standard for deciding a Rule 12(c) motion that it "assumes that the factual allegations in the complaint are true and asks whether the plaintiff undoubtedly can prove no set of facts in support of his claims which would entitle him to relief." (Motion, Doc. No. 22, Page ID 1182), citing *Ross, Brovins & Oemke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Respondent then argues that this standard must be modified for habeas corpus actions because 28 U.S.C. § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Respondent then cites courts which have applied this AEDPA standard in deciding summary judgment motions in habeas corpus cases (Motion, Doc. No. 22, Page ID 1183.)

The crux of Respondent's position on use of motions for judgment on the pleadings in habeas is "when a party attaches the state court record to his pleadings (e.g., by way of the appendix to the return of writ), judgment may be rendered on the pleadings because they contain all that is necessary or relevant to the adjudication." *Id.* at Page ID 1184.

As to any claims "derive[d] from" McKnight's direct appeal to the Ohio Supreme Court, Respondent asserts that McKnight is limited to the state court record and is not entitled to any discovery or evidentiary hearing. In support of judgment on these claims, Respondent incorporates summarily his argument in the Return of Writ (Page ID 1185 citing Page ID 1133-1158).

Respondent then notes that McKnight "indicated he would request discovery and an evidentiary hearing on thirteen claims for relief," but asserts "any record development would be

irrelevant to the Court's determination, which is confined by the AEDPA." (Motion, Doc. No. 22, Page ID 1186.)  As to claims on which Petitioner evinced no intention to seek discovery, Respondent cites McKnight's apparent agreement that they can also be dealt with on the pleadings, albeit in Petitioner's favor. *Id.* Respondent then cites six other categories of claims as to which he asserts the record is sufficient, cannot lawfully be expanded, and on which he claims entitlement to judgment (Motion, Doc. No. 22, Page ID 1187-1190).  Respondent makes no citation to law or the state court record; instead portions of the pleadings are incorporated by reference.

In recently denying the Warden's Motion for Leave to File a Motion for Judgment on the Pleadings in *Gapen v. Bobby,* 3:08-cv-280, this judge recently wrote:

> The Court's Scheduling Order in this case contemplates the usual schedule this Court has followed in adjudicating capital habeas corpus cases: completion of the pleadings (which includes filing all or at least most of the state court record), discovery, an evidentiary hearing if warranted, and a comprehensive report and recommendations to the assigned district judge. The Magistrate Judge has adopted this manner of proceeding in contrast to the method used by some District Judges of this Court of considering procedural default matters first and then only reaching the merits on remaining claims. The latter method seems to result in more delay in disposition of these cases. That delay would likely be increased in cases where there has been a magistrate judge reference because, obviously, Rule 12(c) and 56 motions are classified as dispositive under the Magistrates' Act, requiring a report and recommendations and then delay until the district judge adjudicates any objections (which are invariably forthcoming). To be clear, this judge has no desire to "rush to judgment" in these cases, but believes from experience that considering them comprehensively, on a complete record, enhances the quality of decisions and promotes better review by the district and circuit courts.
>
> Although this judge has followed this pattern for probably the last ten years, recent efforts by the Ohio Attorney General's Office to file motions for summary judgment or judgment on the pleadings in capital cases (e.g., *McKnight*, 2:09-cv-059; *Conway*, 3:07-cv-345) seem to question the validity of this approach. The Court would

3

> welcome a candid discussion of general scheduling issues for these cases which would include both the Capital Crimes Unit of the Ohio Attorney General and the Capital Habeas Unit of the Federal Public Defender.
>
> At present, the Court remains unpersuaded that adopting this revised method best conduces to the administration of justice in this case. The Court disagrees with the idea, advanced in the instant Motion, that all of the state court filings constitute "attachments" to pleadings in the sense suggested by the Motion. Moreover, Respondent's suggested plan of proceeding calls for denying Petitioner's Motion for Discovery as moot and postponing any decision on discovery until after a report and recommendations on the proposed 12(c) motion and a ruling by the district court on the (inevitable) objections. Postponement of discovery inevitably reduces its utility as memories fade.
>
> It may be that in particular cases a specific piece of discovery is viewed as so burdensome by the State that deciding first whether the relevant claim has been procedurally defaulted is an efficient use of litigation resources. But the Court is unpersuaded at this time to a general change in method of adjudicating capital cases.
>
> Respondent's Motion is denied.

(*Gapen v. Bobby,* 3:08-cv-280, Doc. No. 61, November 8, 2010.)

The logic of the *Gapen* decision is fully applicable here. When the Court struck Respondent's summary judgment motion and suggested that a Rule 12(c) motion might be appropriate to test the pleadings on one or more claims, it did not anticipate a motion which sought dismissal of all claims on a memorandum which essentially says "Judge, see the pleadings."

In ordinary civil litigation when the Court sees motions under Fed. R. Civ. P. 12(b)(6) or 12(c), they address pleadings which are (or are supposed to be) short, plain statements of claims met by admissions and denials, and short, plain statements of affirmative defenses. The motions, then, focus on the claims sought to be dismissed and are supported, as required by S. D. Ohio Civ. R. 7.2, with memoranda of points and authorities.

4

In habeas practice, with little support from the Rules Governing § 2254 Cases, petitions and answers have been turned into briefs with extensive arguments and citations of authority. The Rules Governing § 2254 Cases, in contrast, require petitions which are not much more elaborate than civil complaints. Habeas Rule 5 also does not require an answer which is a brief. Instead, a respondent must "address the allegations" and plead the defenses of failure to exhaust, procedural bar, non-retroactivity, or statute of limitations.

In interpreting and applying the Habeas Rules in capital cases, courts and counsel must remember the contexts of their adoption and most frequent application. They were adopted in 1976 at the end of the *Furman v. Georgia,* 408 U.S. 238 (1972), era and before statutes enacted in light of *Gregg v. Georgia*, 428 U.S. 153 (1976), had begun to have any impact on district court habeas corpus dockets. They were designed to guide the vast majority of habeas corpus petitioners, who, then and now, proceed *pro se*. They permit, but do not require, that the Federal Rules of Civil Procedure be applied to habeas proceedings. Habeas Rule 12.

As noted in *Gapen*, this Court has serious doubts about the utility of Rule 12(c) motions in capital habeas corpus practice. The instant Motion, which is so conclusory but which seeks dismissal of all claims in the Petition, confirms that doubt. The Court also doubts, as stated in *Gapen*, the propriety in habeas practice of treating the entire state record as an "attachment" to the pleadings so as to make Rule 12(c) applicable to all of that material.

Respondent rightly confronts the Court with its recent decision in *Conway v. Houk,* Case No. 3:07-cv-345, not to apply a procedural default defense to a claim on which discovery was sought because that defense had not yet been adjudicated nor had it even been requested to be adjudicated. The Court continues to believe the *Conway* decision was correct: nothing in habeas corpus

5

jurisprudence requires a court to deny discovery on a claim because a respondent has **pled** procedural default. That is consistent with the statement in *Gapen, supra*, that "[i]t may be that in particular cases a specific piece of discovery is viewed as so burdensome by the State that deciding first whether the relevant claim has been procedurally defaulted is an efficient use of litigation resources." But that does not imply that it is an efficient use of judicial resources to try to decide an entire capital case on a Rule 12(c) motion which relies on the entire state record as an attachment and which makes no argument in the body of the 12-page motion beyond incorporating by reference, in an index fashion, hundreds of pages of a brief-like Return of Writ.

The Court repeats its invitation, made in *Gapen, supra*, to discuss general scheduling issues in capital cases with both the Capital Crimes Unit of the Ohio Attorney General's Office and the Capital Habeas Unit of the Federal Public Defender's Office. However, given the shape and content of the instant Motion, the Court repents of its invitation to Respondent to file a motion for judgment on the pleadings in this case. That invitation is withdrawn and the instant Motion is **STRICKEN**.

Should Petitioner actually seek discovery or an evidentiary hearing on a claim which Respondent contends should be exempt from discovery, either because of procedural default or some other reason which requires adjudication prior to discovery, Respondent's counsel should request a scheduling conference which may result in permission to file a **focused** Rule 12(c) or Rule 56 motion. Adjudicating the instant Motion on the merits is not an efficient use of scarce judicial resources.

November 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

7