# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY McKNIGHT,
:
    Petitioner,                                      Case No. 2:09-cv-059

                                       :                  Chief Judge Susan J. Dlott
   -vs-                                                  Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,
:
    Respondent.

## DECISION AND ORDER

       This capital habeas corpus case is before the Court on Respondent's renewed Motion to Stay Discovery and Reconsider Prior Grant of Discovery in Light of *Cullen v. Pinholster* (Doc. No. 41). The Motion for Stay of Discovery was granted to allow the parties to brief the impact of *Cullen* which they have now done (Doc. Nos. 43, 45, 46).

       Respondent notes that this Court previous granted Petitioner leave to depose his state court appellate counsel and that depositions have been taken of Attorneys Joseph Wilhelm and Rob Lowe, but not yet of attorney Schneider (Supp. Memo., Doc. No. 43, PageID 1386).

       Petitioner opposes the Motion on the ground that 28 U.S.C. § 2254(d)(1) does not apply to this case because the Ohio Supreme Court's denial of Petitioner's claim of ineffective assistance of appellate counsel is not an adjudication on the merits of that claim or, alternatively, the adjudication is unreasonable because Ohio does not permit factual development of such claims (Doc. No. 45).

       *Cullen* does not speak at all to the question of when discovery is appropriate in federal

habeas corpus. Rather, it holds that a habeas court must decide whether the state courts' decision on a claim was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent on the basis of the record that was before the state courts. This necessarily means that evidence discovered for the first time in federal habeas and presented at an evidentiary hearing in federal court may not be considered on the § 2254(d)(1) question. The *Cullen* court did not change the standard for holding an evidentiary hearing, but merely the results to which evidence presented at that hearing could be put. Nor did the *Cullen* court address what a federal habeas court must do if it decides the § 2254(d)(1) issue in favor of the petitioner, but is then offered additional evidence on a claim by petitioner.

This Court had previously interpreted §§ 2254(d)(1) and 2254(e)(2) consistently with one another so as to allow a habeas petitioner who had been diligent in attempting to introduce evidence in the state courts but unsuccessful in doing so an opportunity to introduce that evidence at a hearing in this Court and consider that evidence on the § 2254(d)(1) question . That position is consistent with the alternative ruling in *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)(Sutton, J.), finding no abuse of discretion in granting an evidentiary hearing on a claim adjudicated on the merits in the state courts. But that reading of the two statutes, accepted by Justices Sotomayor and Alito in *Cullen*, was rejected by the majority.

There remains only one deposition to be taken in this case[1] and Respondent has not shown taking that deposition will be unduly burdensome. At the same time, jurisprudence in the appellate courts interpreting *Cullen* is in its infancy. It may be that, as that jurisprudence develops, the

---

[1] Unless Chief Judge Dlott reverses, on Petitioner's currently pending appeal (Doc. No. 34), the Magistrate Judge's decision to limit discovery to the appellate attorneys.

appellate courts will permit the use of evidence developed in federal habeas for purposes other than those forbidden by *Cullen*.

Accordingly, the stay of discovery entered to allow reconsideration in light of *Cullen* is DISSOLVED.  Petitioner shall complete the deposition of attorney Schneider not later than July 9, 2011.  Petitioner's motion for evidentiary hearing must be filed not later than thirty days after the completion of the Schneider deposition.

June 9, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge