IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gregory McKnight, | : | |
| | : | Case No. 2:09-cv-059 |
| Petitioner, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER OVERRULING THE |
| Warden, Ohio State Penitentiary, | : | WARDEN'S OBJECTIONS AND |
| | : | SUPPLEMENTAL OBJECTIONS |
| Respondent. | : | |

Magistrate Judge Merz has issued a Decision and Order (Doc. 68) and Supplemental Opinion and Recommendations (Doc. 80) both recommending that Petitioner Gregory McKnight be permitted to file an amended habeas petition adding two grounds for relief challenging Ohio's lethal injection protocol.  Pending before the Court are the Warden's Objections to Doc. 68 Decision and Order (Doc. 71) and the Warden's Supplemental Objections to the Amendment of Petition (Doc. 86).  For the reasons that follow, the Court will **OVERRULE** the Warden's Objections and Supplemental Objections and **AFFIRM** the Magistrate Judge.

**I.**

Magistrate Judge Merz has recommended granting leave to Petitioner to add the following two claims:

> FORTY-FIRST GROUND FOR RELIEF:  Gregory McKnight's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> FORTY-SECOND GROUND FOR RELIEF:  Gregory McKnight's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Doc. 68 at 1–2.)

1

## II.

Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b) authorize magistrate judges to decide nondispositive matters which have been referred to them.  If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to his conclusions of law.  *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994).  "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made."  *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001).  A decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law."  *Hood*, 2001 WL 327723, at *2 (internal quotation and citation omitted).

## III.

The Warden raises two objections.  First, he asserts that Magistrate Judge Merz erred by determining that the proposed lethal injection claims can be asserted in habeas, as opposed to being raised only as a 42 U.S.C. § 1983 claim.  Second, he asserts that Magistrate Judge Merz erred by determining that the lethal injection claims are not time-barred.  The Sixth Circuit has determined that at least some lethal injection claims are cognizable in habeas corpus.  *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011).  Moreover, courts in the Southern District of Ohio have permitted habeas petitioners to add similar lethal injection claims despite similar objections

being raised by the respondent wardens.  *See Gapen v. Bobby*, No. 3:08-cv-280, 2012 WL 4057406 (S.D. Ohio Sept. 14, 2012) (Rice, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 WL 2674518 (S.D. Ohio Jul. 5, 2012) (Sargus, J.); *Bays v. Warden*, No. 3:08-cv-076, Doc. 126 (S.D. Ohio May 30, 2012) (Rose, J.)  The Court concludes that Magistrate Judge Merz's recommendation to allow Petitioner to assert the lethal injection claims was not clearly erroneous or contrary to law.

## IV.

For the foregoing reasons, the Warden's Objections (Doc. 71) and Supplemental Objections (Doc. 87) are **OVERRULED** and the Magistrate Judge's Decision and Order (Doc. 68) and Supplemental Opinion and Recommendations (Doc. 80) are **AFFIRMED**.

IT IS SO ORDERED.

              ___s/Susan J. Dlott_____

              Chief Judge Susan J. Dlott

              United States District Court