IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gregory McKnight, | : | Case No. 2:09-cv-059 |
| | : | |
| Petitioner, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER OVERRULING |
| | : | PETITIONER'S OBJECTIONS TO |
| Warden, Ohio State Penitentiary, | : | MAGISTRATE'S DECISION AND |
| | : | ORDER DENYING EVIDENTIARY |
| Respondent. | : | HEARING |

This matter is before the Court on Petitioner Gregory McKnight's Objections to Magistrate's Decision and Order Denying Evidentiary Hearing (Doc. 69).  On April 6, 2012, Magistrate Judge Michael R. Merz issued the Decision and Order (Doc. 64) denying Petitioner's request for an evidentiary hearing to present evidence regarding his First, Second, Third, Thirteenth, Fourteenth, Twenty-Seventh, Thirty-Second, Thirty-Third, and Thirty-Fifth Grounds for Relief.  In the pending motion, Petitioner raises objections to the denial of the evidentiary hearing as to the First, Second, Third, Thirteenth, Fourteenth, Thirty-Second, and Thirty-Fifth Grounds for Relief only.[1]  For the reasons that follow, the Court will **OVERRULE** the Objections and **AFFIRM** the April 6, 2012 Decision and Order.

**I.**

Rule 72(a) of the Federal Rules of Civil Procedure authorizes magistrate judges to decide nondispositive matters which have been referred to them.  If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

---

[1] On October 23, 2012, Magistrate Judge Merz (Doc. 77) issued a Supplemental Opinion on Petitioner's request for an evidentiary hearing on the Twenty-Seventh and Thirty-Third Grounds for Relief.  Petitioner has not filed objections to the Supplemental Opinion to date.

1

The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to his conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991)), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, AT *2 (S.D. Ohio Mar. 22, 2001). A decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law." *Hood*, 2001 WL 327723, at *2 (internal quotation and citation omitted).

## II.

Petitioner argues in these Objections that Magistrate Judge Merz erred in denying an evidentiary hearing on his First, Second, Third, Thirteenth, Fourteenth, Thirty-Second, and Thirty-Fifth Grounds for Relief. Petitioner acknowledges that as to each of the relevant Grounds for Relief, Magistrate Judge Merz and/or this Court previously have denied discovery on the same issues for which he now seeks an evidentiary hearing. (Doc. 69 at 3–5.) For example, Magistrate Judge Merz first denied discovery on the First Ground for Relief in the Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Leave to Conduct Discovery ("Discovery Decision and Order") (Doc. 31) dated February 2, 2011. Petitioner did not file objections to that aspect of the Discovery Decision and Order and it has become the "law of the case." Although the law of the case need not be "rigidly applied" to "reconsideration of an earlier decision by the same court[,]" it is a useful "management practice" furthering the "logical progression [of a case] toward judgment." *United States v. Dunbar*, 357 F.3d 582, 592–93 (6th

Cir. 2004), *vacated on other grounds*, *Dunbar v. United States*, 543 U.S. 1099 (2005).  A district court generally will not reconsider a prior ruling unless (1) substantially different evidence is raised at a subsequent trial, (2) a contrary view of the law is decided by a controlling authority, or (3) the prior ruling is clearly erroneous or would work a manifest injustice.  *Miller v. City of Cincinnati*, --- F. Supp. 2d ---, No. 1:08cv550, 2012 WL 1623526, at *3 (S.D. Ohio May 9, 2012).

In the pending Objections, Petitioner has not pointed to substantially different evidence, pointed to a subsequent decision holding a contrary view of the law, or established that the prior ruling was clearly erroneous or would work a manifest injustice.  Rather, Petitioner merely restates previously made arguments.  Accordingly, the Court will not reconsider its prior ruling on these issues.

### III.

For these reasons, the Petitioner's Objections to Magistrate's Decision and Order Denying an Evidentiary Hearing (Doc. 69) are **OVERRULED** and the April 6, 2012 Decision and Order (Doc. 64) is **AFFIRMED**.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court