**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **GREGORY MCKNIGHT**            ) | **Case No. 2:09-CV-059** |
| )  | |
| Petitioner,   ) | |
| )  | |
| v.          ) | **District Judge Susan J. Dlott** |
| )  | **Magistrate Judge Michael R. Merz** |
| )  | |
| **DAVID BOBBY, Warden**          ) | |
| )  | **THIS IS A DEATH PENALTY CASE** |
| Respondent.   ) | |

**MOTION FOR A SCHEDULING ORDER**

On January 14, 2016, this Court issued a Notice Regarding Status of the Case (ECF 196), stating that the Court believed that the case was once again ripe for decision and ordering either party to move for a new scheduling order not later than February 1, 2016 – if that party believed the case was not ripe for decision.

Gregory McKnight believes that the case is not ripe for decision and moves the Court to adopt the following scheduling order.

| | |
|---|---|
| April 1, 2016 | Petitioner McKnight to file Renewed Motion to Stay the Case and Hold it in Abeyance |
| | Petitioner McKnight to file Renewed Motion for Authorization to Litigate in State Court |
| June 1, 2016 | Warden to file any Response in Opposition to Renewed Motion to Stay the Case and Hold it in Abeyance and Renewed Motion for Authorization to Litigate in State Court |
| July 1, 2016 | Petitioner McKnight to file any Reply to the Warden's Responses in Opposition to Renewed Motion to Hold the Case in Abeyance and Renewed Motion for Authorization to Litigate in State Court. |

1

Any further litigation in the case will be dependent on the Court's ruling on McKnight's motions and the extent of state court litigation – if authorized.

The reasons for this requested Scheduling Order are more fully explained in the accompanying Memorandum in Support.

Pursuant to Local Rule 7.3, undersigned counsel contacted counsel for the Warden by e-mail on February 1, 2016.  Counsel Stephen Maher responded that the Warden will oppose our request for a Scheduling Order, although the Warden does not object to our filing the Motion.

Respectfully submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

**By: /s/ *David C. Stebbins***
David C. Stebbins (0005839)  Anthony L. Ricco, *pro hac vice*
Lead-Trial Counsel  Co-Counsel
Justin C. Thompson (0078817)  20 Vesey Street, Suite 400
Sharon A. Hicks (0076178)  New York, New York 10007
Assistant Federal Public Defenders  Phone (212) 791-3919
Southern District of Ohio  Fax (212) 791-3940
10 W. Broad St., Suite 1020  Tonyricco@aol.com
Columbus, OH 43215
Phone: (614) 469-2999
david_stebbins@fd.org
justin_thompson@fd.org
sharon_hicks@fd.org

COUNSEL FOR PETITIONER
GREGORY MCKNIGHT

**MEMORANDUM IN SUPPORT**

After considerable litigation and considerable motion practice and limited discovery, and prior to the events that temporarily stayed litigation in this case, counsel for McKnight filed a Supplemental Memorandum in Support of Renewed Motion for an Evidentiary Hearing. (ECF 77) In this Supplemental Memorandum, McKnight sought an evidentiary hearing on two claims. (ECF 77, PageID 2536) Attached to the Supplemental Memorandum were Exhibit A, an affidavit from attorney Jennifer Prillo, and Exhibit B, an affidavit from Investigator Pamela Swanson. (ECF 77-1, PageID 2574-76; ECF 77-2, PageID 2577-83) Both affidavits were critical of the investigation and litigation conducted by lead counsel, Ruth Tkacz, in McKnight's state post-conviction case. McKnight argued in his Supplemental Memorandum, *inter alia,* that he had been deprived of the effective assistance of counsel in his state post-conviction litigation and that under *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) this constituted "cause" in a "cause and prejudice" analysis to excuse any default of his denial of the effective assistance of penalty phase counsel claims or the underlying factual basis for those claims. (ECF 77, PageID 2537-38, 2559-71) The Warden filed a Response to McKnight's Supplemental Memorandum in Support of Renewed Motion for an Evidentiary Hearing (ECF 81) and McKnight filed a Reply. (ECF 85)

In a Supplemental Opinion on October 23, 2012, the Magistrate Judge recommended that the district court deny an Evidentiary Hearing to McKnight on his claims of the denial of the effective assistance of penalty phase counsel, concluding, *inter alia*, that *Martinez* does not support an evidentiary hearing under these circumstances. (ECF 90, PageID 2752-2755)

McKnight filed Objections to the Magistrate Judge's decision (ECF 96). The district court entered a Recommittal Order (ECF 97) and the Warden filed a Response in Opposition. (ECF 98)

On January 2, 2013 the Magistrate Judge issued a Second Supplemental Opinion on Renewed Motion for Evidentiary Hearing on Grounds 27 and 33 in which he again recommended that an evidentiary hearing be denied on Grounds for Relief 27 and 33. (ECF 99, PageID 2840-41). In addressing the impact of *Martinez* on Ground 33 (the denial of the effective assistance of penalty phase counsel claim), the Magistrate Judge concluded:

> This copious information [from the Swanson affidavit] has never been presented to the state courts. To some extent, it might be regarded as further support for the ninth claim for relief – failure to present available evidence on the impact of paternal abandonment. Some of the cultural information might be used to show prejudice from not presenting a cultural expert, the fifteenth claim for relief. But most of it would support completely new claims and none of it has been presented to the state courts.
>
> McKnight notes that "the federal courts may determine that a claim is defaulted if there is no remaining state corrective process available where the claim can be presented." (11/30/2012 Objections, PageID 2820, . . . .) But Ohio does allow a person to file a subsequent post-conviction petition under Ohio Revised Code § 2953.23 under certain conditions. McKnight has not attempted to present this new evidence in such a petition. This Court should not assume the Ohio courts would find these new claims/evidence procedurally defaulted. Indeed the jurisprudence of Martinez is sufficiently undeveloped that the Ohio courts might recognize its applicability here to excuse the failure to present this evidence earlier.
>
> At this stage of the case, however, there exists no state court finding of procedural default to which Martinez could apply. Rather than hypothesize such a finding and then go through the lengthy discovery and hearing process to decide whether Ms. Tkacz's performance was deficient and prejudicial, initial evaluation of these new claims/evidence should be left to the Ohio courts.
>
> Conclusion
>
> Upon reconsideration, the Magistrate Judge does not find that the Objections require amendment of the prior conclusion that McKnight is not entitled to an evidentiary hearing on his Twenty-Seventh and Thirty-Third Grounds for Relief. Regarding his reliance on *Martinez v. Ryan*, the Magistrate Judge concludes the claims/evidence adverted to in the Swanson Affidavit remain unexhausted in the Ohio courts and cannot be considered by this Court until they are exhausted."

(ECF 99, PageID 2840-41)

McKnight subsequently filed objections to the Magistrate Judge's Second Supplemental Opinion.  (ECF 100)  The Warden filed a Response in Opposition to the Objections.  (ECF102)

On May 21, 2013, the district court affirmed the Magistrate Judge's Second Supplemental Opinion, overruled McKnight's Objections, and denied McKnight's request for an evidentiary hearing on Grounds 27 and 33.  The district court did, however, recognize McKnight's announced intention to exhaust those claims and facts in state court.  (ECF 115, PageID 12455)

> Accordingly, the Court finds that the Magistrate Judge's decision denying an evidentiary hearing was not contrary to *Martinez*.  The Court will deny the objection.⁵"
>
>> Fn 5 "Magistrate Merz suggested that Petitioner McKnight's new mitigation evidence might support new claims for ineffective assistance of counsel not yet presented to the Ohio courts.  (Doc. 99 at 2840-41.)  He noted that Ohio law permits a person to file a second or successive post-conviction appeal under certain circumstances.  *See* Ohio Rev. Code § 2953.23.  McKnight stated his intention to try to present these new claims or new evidence to the Ohio courts if this Court held that *Martinez* is not applicable. (Doc. 100 at 2855)

(ECF 115, PageID 12455-56)

Subsequently, McKnight filed a Motion for Authorization Allowing Federal Habeas Corpus Counsel to Conduct State Court Litigation (ECF 133)(with a Proposed State Post Conviction Petition attached (ECF 133-1)) and a Motion to Stay Federal Habeas Proceedings and Hold Them in Abeyance to Permit Petition to Return to State Court to Exhaust Evidence Developed During Federal Habeas Proceedings. (ECF 134)  The Warden filed a Response in Opposition to each motion.  (ECF 135, 136)  McKnight filed a Reply to both Responses. (ECF 137)

McKnight's Motions remained pending on July 2, 2014, when the Court received correspondence from Gregory McKnight raising the question of whether he would permit this litigation on his behalf to continue.  (ECF 138)

During the extended litigation following the Court's receipt of McKnight's letter, the Magistrate Judge entered an Order on August 18, 2014 in which the Magistrate Judge extended the time for filing Status Reports and "[b]ased on the pendency of the question whether Petitioner will continue with this case at all, the pending . . . Motion for Authorization to Litigate in State Court (Doc No. 133), and Motion to Stay and Abey (Doc. No. 134) are DENIED without prejudice to their renewal . . .."  (ECF 145, PageID 16039)  The time for refiling these motions was extended several times until Mr. McKnight withdrew authorization for counsel to file motions on his behalf and again corresponded with the Court on May 28, 2015 wherein he requested a hearing on his request to withdraw his Petition. (ECF 171).

Ultimately the question of whether Mr. McKnight would continue to authorize counsel to litigate this Petition on his behalf was resolved by the appointment of additional co-counsel for Mr. McKnight.  (ECF 192, PageID 16414-16) Anthony Ricco has been admitted to practice in the Southern District of Ohio *pro hac vic*e.  (ECF 192)  Mr. Ricco has entered his appearance as counsel of record for Mr. McKnight. (ECF 195) Mr. Ricco has submitted a litigation budget that is awaiting approval.

Having resolved the issue of Mr. McKnight's continuing the litigation of his petition, counsel now request a Scheduling Order that would permit litigation of the previously filed Motion for Authorization Allowing Federal Habeas Corpus Counsel to Litigate in State Court (ECF 133) and Motion to Stay and Abey Pending Exhaustion in State Court (ECF 134) that were previously denied without prejudice to their refiling.

While McKnight has previously filed these Motions and the proposed Petition for Post Conviction Relief with this court, more than two years have elapsed since these motions and that petition were drafted and additional counsel has been appointed. The Motions and the attached petition need to be reviewed and updated and new counsel needs to become familiar with the litigation and the ongoing investigation and determine what if any additional investigation and research is required. New counsel has also submitted a litigation budget that is awaiting approval. Until the litigation budget is approved, Mr. Ricco is not able to travel to Ohio or devote the time for the preparation of these motions and litigation.

Gregory McKnight requests a Scheduling Order that permits him sufficient time to research, investigate, draft and file these motions.

Respectfully submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

**By: /s/ *David C. Stebbins***

| | |
|---|---|
| David C. Stebbins (0005839) | Anthony L. Ricco, *pro hac vice* |
| Lead-Trial Counsel | Co-Counsel |
| Justin C. Thompson (0078817) | 20 Vesey Street, Suite 400 |
| Sharon A. Hicks (0076178) | New York, New York 10007 |
| Assistant Federal Public Defenders | Phone (212) 791-3919 |
| Southern District of Ohio | Fax (212) 791-3940 |
| 10 W. Broad St., Suite 1020 | Tonyricco@aol.com |
| Columbus, OH 43215 | |
| Phone: (614) 469-2999 | |
| david_stebbins@fd.org | |
| justin_thompson@fd.org | |
| sharon_hicks@fd.org | |

COUNSEL FOR PETITIONER
GREGORY MCKNIGHT

7

## CERTIFICATE OF SERVICE

  I hereby certify that on February 1, 2016, I electronically filed the foregoing Motion for Scheduling Order using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

  Thomas.Madden@OhioAttorneyGeneral.gov
  Stephen.Maher@OhioAttorneyGeneral.gov

            */s/ David C. Stebbins*
            David C. Stebbins (0005839)
            Counsel for Gregory McKnight