# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,                                    Case No. 2:09-cv-059

:          District Judge Susan J. Dlott

  -vs-                                         Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION ON AUTHORIZATION TO APPEAR IN ANCILLARY STATE COURT LITIGATION

This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 225) of the Decision and Order Denying in Part Petitioner's Motion for Authorization to Appear in Ancillary State Court Litigation ("D&O," ECF No. 220). Judge Dlott has recommitted the matter (Corrected Recommittal Order, ECF No. 228), and the Warden has filed a Response to the Appeal (ECF No. 232).

On January 11, 2017, the Petitioner McKnight filed his "Motion for Authorization to Appear in Ancillary State Court Litigation." (ECF No. 216). After briefing, the Magistrate Judge denied authorization to appear to present a claim of denial of effective assistance of penalty phase in state court because the Court had set and extended the deadline for moving for such authorization many times and Petitioner had met none of those deadlines (D&O, ECF No. 220, PageID 16694).

The other claim McKnight seeks to present to the state courts is his claim that Ohio's capital sentencing scheme is unconstitutional under *Hurst v. Florida*, 136 S. Ct. 616 (2016). The

1

Decision notes that amendment to add a *Hurst* claim had been denied, but the denial was subject to appeal (ECF No. 220, PageID 16693-94).[1] As to presenting the *Hurst* claim in the Ohio courts, the Decision concluded McKnight had met two criteria established by *Harbison v. Bell*, 556 U.S. 180 (2009), but ordered additional briefing on two questions: (1) *Harbison* calls for an "appropriateness" decision on attempts to exhaust claims, but "contains no guidance on how that appropriateness decision should be made in a case such as this where counsel believe they have a meritorious claim to present to the state courts and the District Court disagrees, (2) How much weight should the District Court give to its conclusion that the claim is or is not procedurally barred in the state courts? (D&O, ECF No. 220, PageID 16695.)

In response, McKnight argues this Court should leave determination of procedural default in the first instance to the Ohio courts. (ECF No. 223, PageID 16731-2, citing the *McKnight v. Bobby*, 2012 U.S. Dist. LEXIS 183114 (S.D. Ohio Dec. 31, 2002)(Merz, M.J.); *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)(Sargus, D.J.); and *Cunningham v. Hudson*, 756 F.3d 477, 483 (6th Cir. 2014)(*per curiam*). As to the merits, McKnight argues that "there is no controlling federal authority rendering McKnight's *Hurst* claim meritless." *Id.* at PageID 16733. McKnight's counsel reports she has been unable to

> find any cases granting or denying authorization of federal counsel to appear in state court in order to exhaust on the basis of the merits of the underlying claim. Instead, the inquiry undertaken is whether federal counsel seeks to return to state court to exhaust a federal claim related to his pending federal habeas petition.

(ECF No. 223, PageID 16735.) But McKnight's *Hurst* claim is only "related to his pending federal habeas petition" if the Court allows amendment to add that claim, which has thus far been denied.

---

1 The denial of the Motion to Amend was appealed and recommitted. A Supplemental Opinion on that question was filed March 28, 2017 (ECF No. 234).

2

The Warden's Response notes that 18 U.S.C. § 3599 is a funding statute only and not a jurisdictional statute (ECF No. 224).  As to the second question, the Warden argues a federal habeas court should not authorize federal funding for a claim for relief it has decided is without merit. *Id.*

In addition to responding to the Court's order for additional briefing, McKnight has also appealed from the Decision and Order (ECF No. 225).  The Magistrate Judge concluded his request for federal funding to pursue his ineffective assistance of trial counsel at the penalty was "grossly untimely."  McKnight argues this conclusion is "clearly erroneous" (ECF No. 225, PageID 16751).

## Analysis

Regarding the *Hurst* claim, the Magistrate Judge finds persuasive the Warden's argument that it would be anomalous to authorize federal funding to pursue a claim the Court has found to be without merit.  Therefore that branch of the Motion should be denied without prejudice to its renewal if the District Judge rejects the Magistrate Judge's conclusion on the cognizability of that claim.

Regarding the ineffective assistance of trial counsel at the penalty phase claim, the Magistrate Judge adheres to his prior finding without further analysis.

March 28, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
