**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

GREGORY McKNIGHT

      :

    Petitioner,                      Case No. 2:09-cv-059

      :            District Judge Susan J. Dlott

  -vs-                           Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

      :

    Respondent.

---

# DECISION AND ORDER

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition to Include Amended Lethal injection Grounds for Relief (ECF No. 230). The Warden opposes the Motion (Response, ECF No. 231) and McKnight has filed a Reply in support (ECF No. 233).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within a Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.)

**Procedural History**

Petitioner Gregory McKnight was indicted for the murders of Gregory Julious and Emily Murray; as to Ms. Murray, the charge was aggravated murder with capital specifications. After a jury convicted him on four counts in the indictment, he was sentenced to be executed. Because

1

the crimes were committed after January 1, 1995, he appealed directly to the Ohio Supreme Court which affirmed the convictions and sentence. *State v. McKnight*, 107 Ohio St. 3d 101 (2005). McKnight filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which was denied by the Vinton County Common Pleas Court. The denial was affirmed on appeal. *State v. McKnight*, 2008 Ohio App. LEXIS 2076 (4th Dist. May 19, 2008), and the Ohio Supreme Court declined jurisdiction over a further appeal. *State v. McKnight*, 119 Ohio St. 3d 1487 (2008). McKnight then filed his Petition in this Court on October 14, 2009 (ECF No. 9). On February 23, 2011, McKnight, with court permission, amended his Thirty-Third Ground for Relief (ECF No. 38).

On March 8, 2012, McKnight moved to amend his Petition to add two Grounds for Relief directed to Ohio's lethal injection protocol:

> **FORTY-FIRST GROUND FOR RELIEF:** Gregory McKnight's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **FORTY-SECOND GROUND FOR RELIEF**: Gregory McKnight's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Motion, Doc. No. 60-1, Page ID 1741, 1743.) The Magistrate Judge granted that Motion (ECF No. 68) and Chief Judge Dlott affirmed over the Warden's Objections (ECF No. 92). The Amended Petition including these Grounds for Relief was filed August 26, 2013 (ECF No. 127).

On December 19, 2013, McKnight moved to stay consideration of his lethal injection claims because Ohio had adopted a new lethal injection protocol effective October 10, 2013, which McKnight believed might render his then-pending lethal injection claims moot and require a new amended petition (Motion, ECF No. 132, PageID 15916). McKnight's counsel wrote:

> McKnight's analogous claims[1] are newly ripe again. See *Phillips*, No. 2:13-cv-791, Doc. No. 34, PageID 442. Furthermore, the new execution protocol may give rise to additional habeas claims that are newly ripe, but which did not exist at the time McKnight filed his most recent habeas petition. In order to properly litigate and preserve his newly ripe lethal-injection habeas claims, McKnight will need to file a motion for leave to file an amended petition. See *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007); *Stewart v. Martinez-Villareal*¸ 523 U.S. 637, 643 (1998).

(ECF No. 132, PageID 15916). McKnight's counsel hypothesized that his claims were not yet really ripe because the State had not yet conducted an execution under the October 10, 2013, protocol. *Id.* There followed an extensive period of time (July 2, 2014 – November 10, 2015) during which McKnight was considering whether to abandon this litigation. On April 1, 2016, McKnight again sought a stay of these proceedings and a return to state court (ECF No. 202). The Magistrate Judge denied that motion and Judge Dlott affirmed on appeal (ECF Nos. 210, 221). In the meantime McKnight moved to amend to add a claim under *Hurst v. Florida*, 136 S.Ct. 616 (2016)(ECF No. 215) which the Magistrate Judge denied (ECF No. 222). McKnight's appeal from the denial of that motion remains pending before District Judge Dlott.

The instant Motion was filed March 8, 2017, contemporaneously with motions to amend in other capital habeas cases pending before the undersigned in which there was a history of motions to amend, eventually leading to denials without prejudice to renewal not later than thirty days after the mandate issued in the Stanley Adams habeas corpus case then pending before the Sixth Circuit.

---

[1] That is analogous to the claims made by Ronald Phillips whose habeas corpus petition was then pending before District Judge Gregory Frost.

**Proposed Amended Lethal Injection Claims**

McKnight proposes the following amended Grounds for Relief:

> **Forty-First Ground for Relief:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.
>
> **Forty-Second Ground for Relief:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.
>
> **Forty-Third Ground for Relief:** DRC [Ohio Department of Rehabilitation and Corrections] cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.
>
> **Forty-Fourth Ground for Relief:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 230-1, PageID 16829, 16848, 16856, 16868.)

McKnight's Motion focuses on the cognizability of his proposed claims in habeas corpus in light of *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)(*Adams III*). He notes that this Court previously found his lethal injection claims could be pleaded in habeas under authority of *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(*Adams I*).[2]

---

[2] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of habeas petitions to add lethal injection claims and indeed treated those claims as newly arising whenever Ohio's lethal injection protocol was amended. This reading informed the Magistrate Judge's allowance of the Amended Petition (ECF No. 68).

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738(emphasis added). Changing course, this Court concluded the "must be brought" language precluded what it had been doing under *Adams I*. Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I*:

> Adams challenged the constitutionality of lethal injection on direct appeal, asserting that "[d]eath by lethal injection constitutes cruel and unusual punishment and denies due process under the state and federal constitutions." The Ohio Supreme Court rejected this claim, explaining it had "previously rejected similar arguments."

5

*Adams*, 817 N.E.2d at 56 (citing *State v. Carter*, 89 Ohio St. 3d 593, 2000 Ohio 172, 734 N.E.2d 345, 358 (Ohio 2000)). Adams again challenged the constitutionality of execution by lethal injection in his federal habeas corpus petition. The district court denied this claim, noting that "lethal injection is the law of the republic. No federal court has found the lethal injection protocol to be unconstitutional." *Adams*, 484 F. Supp. 2d at 796 (citation omitted).

As an initial matter, we note our recent holding that lethal injection does not violate the Constitution. See *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitution per se . . . ."). In *Scott*, a similar challenge to the implementation of lethal injection was raised, as a panel of this court observed that "Scott's petition alleges that lethal injection 'inflicts torturous, gratuitous and inhumane pain, suffering and anguish upon the person executed.'" *Id*. at 511. Accordingly, the Ohio Supreme Court's denial of Adams's challenge to the constitutionality of lethal injection as a means of execution did not constitute an unreasonable application of Supreme Court precedent.

The Supreme Court's decision in *Glossip* does not alter our precedent. *Glossip* concerned a 42 U.S.C. § 1983 action challenging Oklahoma's execution protocol. . . .

Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." Cf. *Hill*, 547 U.S. at 580. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to

> permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644. Thus, to the extent that Adams challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S. Ct. at 2738.

*Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 196 L. Ed. 2d 602 (2017)(*Adams III* ). By denying certiorari, the Supreme Court passed up a chance to clarify the meaning of *Glossip* as it relates to bringing lethal injection claims in habeas corpus.

As this Magistrate Judge understands it, the current state of the law in the Sixth Circuit after *Adams III* is that habeas corpus will lie to challenge "the constitutionality of lethal injection in general" to wit, that "lethal injection cannot be administered in a constitutional manner, and [that] claim 'could render [Petitioner's] death sentence effectively invalid.'" *Adams III*, *quoting Hill v. McDonough*, 547 U.S. at 580.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman*

standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Research Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert denied*, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, *quoting Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), *quoting Brooks*, *supra*.

The Warden opposes the Motion to Amend on the ground that the amendment would be futile because the "as-applied lethal injection claims McKnight seeks to add are non-cognizable in habeas." (Response, ECF No. 231, PageID 16898, citing *Adams III*, *Henderson v. Morgan*, No. 1:12-cv-703, 2015 U.S. Dist. LEXIS 134120 (S.D. Ohio Sept. 30, 2015)(Frost, D.J.), and *In re: Lawrence Landrum*, Case No. 16-3151 (6th Cir. Feb. 13, 2017).

McKnight's Reply is persuasive. *Adams III* supports the cognizability of McKnight's four new proposed lethal injection claims. Each of them is a general claim of the type recognized as valid in *Adams III* : "no matter what protocol it uses, Ohio cannot constitutionally execute me under the Eighth and Fourteenth Amendments and under the Supremacy Clause." These are not per se claims of the form "lethal injection is always and everywhere unconstitutional." Such a claim would be precluded by precedent.

While *Henderson v. Morgan* supports the Warden's position, it must be treated as abrogated by *Adams III*. It was written during the period, mentioned above, when both Judge Frost and the undersigned believed *Glossip* had abrogated *Adams I*. We now know that is not so.

*Landrum*[3] also supports McKnight's position on cognizability.

The Warden's assertion that the proposed Grounds for Relief fail to state a claim on which habeas corpus relief can be granted is overruled on the basis of *Adams III* .

**Statute of Limitations**

---

[3] As the citation shows, Landrum is an unpublished and unreported order of the Sixth Circuit whose precedential value is questionable under Sixth Circuit rules. Because it has been cited so frequently in this Court since it was handed down, the Court has urged counsel to jointly move the circuit court to publish it.

9

The Warden also asserts the proposed Grounds for Relief are barred by the AEDPA's one-year statute of limitations because McKnight's conviction "has been final for more than a decade." (ECF No. 231, PageID 16898).

McKnight replies:

> A newly adopted protocol and evidence obtained for the first time created new factual predicates for his claims and triggered new limitations periods over the past several years. A lethal injection invalidity claim—as distinguished from a per se challenge to lethal injection as a manner of execution—will necessarily encompass the facts relevant to what the State intends to do under the current execution protocol in addition to what it has done under past execution protocols.
>
>  * * *
>
> *Adams II* and *Adams III* confirm McKnight's argument that newly discovered facts related to a particular execution protocol (or any other newly arising factual predicates) require amendment of his lethal-injection grounds for relief and thus are not in violation of the statute of limitations. See, *Adams III*, 826 F. 3d at 320-21.
>
> The Ohio Department of Corrections (DRC) adopted a new execution protocol on October 7, 2016. (Execution Protocol, 01-COM-11, October 7, 2016). The current protocol gives rise to new claims arising from differences between it and the twice[-]superseded protocol underlying McKnight's prior claims, as well as making McKnight's prior claims newly ripe in accordance with the new protocol. McKnight's proposed claims are not filed beyond the habeas statute of limitations.

(ECF No. 233, PageID 16908-09.)

**Newly Discovered Facts versus Newly Arising Claims**

In the Reply Memorandum, McKnight's counsel repeatedly assert that new facts have occurred since his death sentence was imposed and since he first filed in this Court which are relevant to proving his general lethal injection invalidity claims. The Court agrees. Just as an example, on the claim "Ohio can never constitutionally execute me by lethal injection," evidence of Ohio's attempts, including constitutional successes and constitutional failures, to execute others by means of lethal injection that have happened since this case was filed are relevant to prove the general claim which *Adams III* says McKnight can bring in habeas.

However, the affirmance in *Adams III* of the cognizability decision made in *Adams I* does not logically imply that all the procedural incidents of the *Adams I* period are now reinstated. The fact that a general lethal injection invalidity claim can be pleaded in habeas does not imply that a new general lethal injection invalidity claim arises every time the protocol changes or some other relevant facts occur. If the claim is truly general – Ohio can never constitutionally execute me by lethal injection no matter what changes it makes in the protocol or administration of the protocol – that claim arises when a person is sentenced to be executed by lethal injection in Ohio. *Adams III* plainly implies that later-discovered or indeed later-occurring evidence may be introduced in habeas to prove the general invalidity claim.[4] But it does not imply that a new general invalidity claim arises every time a relevant fact changes.

As this Court has commented elsewhere, the strategy of the death penalty petitioners' bar for a number of years (at least since *Adams I*) appears to have been to have simultaneously pending § 1983 and habeas litigation raising the substantively same lethal injection invalidity claims. *Raglin v. Mitchell*, 2017 U.S. Dist. LEXIS 54458 *26 (S.D. Ohio Apr. 10, 2017). Having prevailed on the substantive front,[5] they have pushed the Court to eliminate the

---

[4] The circuit court does not explain how this conclusion squares with *Cullen v. Pinholster,* 563 U.S. 170 (2011).
[5] *Adams III* acknowledges the decision in *Glossip* that a § 1983 capital plaintiff must plead an available alternative

11

procedural differences between the two causes. But while *Adams III* supports the substantive parallels, it does not eliminate the procedural differences. Death row inmates who have completed one round of habeas corpus proceedings must still pass the second-or-successive barrier before bringing new habeas cases. And nothing in *Adams III* implies that the statute of limitations begins to run anew every time some relevant fact occurs. To interpret the statute in that way would be essentially to eliminate the statute.

The Sixth Circuit has held that the statute of limitations for § 1983 lethal injection claims begins to run anew every time the protocol is amended. *Cooey (Beuke) v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010). During the period when *Adams I* was the governing decision, this Court was extending that holding to habeas, but without a good legal basis for doing so. Section 1983 litigation, at least in the capital context, is forward looking. Thus every time the State adopts a new arguably unconstitutional practice, on death row or elsewhere, the two-year limitations period for challenging that new practice begins.

The general law, made outside the death penalty context, is that in all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536 (1989). The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code § 2305.10. *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 856 (6th Cir. 2003), citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997), quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In determining when the cause of action accrues in §

---

to the execution method he attacks.

1983 cases, the Sixth Circuit looks to the event that should have alerted the typical lay person to protect his or her rights. *Id. citing Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). *See also Bell v. Ohio State University,* 351 F.3d 240, 247 (6th Cir. 2003); *Hughes v. Vanderbilt University*, 215 F.3d 540, 548 (6th Cir. 2000).

While this logic is fully applicable to § 1983 actions, the statute of limitations for habeas cases, 28 U.S.C. § 2244(b), is completely a creature of federal law. In habeas in general, the cause of action arises from the imposition of an unconstitutional detention; under § 2254 from detention pursuant to an unconstitutional state court judgment. The cause of action arises when the sentence is imposed. Of course it does not become final until some later date for purposes of starting the running of the statute of limitations. Neither McKnight nor the other death row inmates with whom he shares counsel has argued how their "newly arising claims" theory fits within 28 U.S.C. § 2244(b).

Thus this Court declines to accept the rule that a habeas corpus lethal injection invalidity claim "arises" for limitations purposes every time the Ohio protocol is amended or some other fact relevant to the claim occurs.

If McKnight's lethal injection invalidity claim did not arise when Ohio adopted the most recent protocol on October 7, 2016, when did it arise? Lethal injection was already the exclusive method of execution in Ohio when McKnight filed his original Petition here in 2009. His Thirty-Eighth Ground for Relief reads:

> THE PRACTICE OF EXECUTION BY LETHAL INJECTION VIOLATES GREGORY MCKNIGHT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

(Petition, ECF No. 9, PageID 274.) McKnight makes no argument about how his presently

13

proposed amendments could relate back to the initial filing under Fed. R. Civ. P. 15, presumably because of his reliance on the "newly arising" theory.

In *Adams III* and previously, the Sixth Circuit has held that evidence obtained by a death row inmate in a parallel § 1983 action can be used in support of a habeas corpus lethal injection invalidity claim. See *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014); *accord, Frazier v. Jenkins*, 770 F.3d 485 (6th Cir. 2014). Of course, McKnight is not a plaintiff in *In re: Ohio Injection Protocol Litig.*, Case No. 2:11-cv-1016, although many of the death row inmates represented by his counsel are. The method of introducing in this case evidence gained by others in that case has yet to be addressed.

Having rejected McKnight's "newly arising" theory of the statute of limitations, the Magistrate Judge believes McKnight, as well as other capital habeas petitioners, is entitled to equitable consideration of his situation. The state of the law on this point has been confused during the time McKnight's case has been pending. Until *Adams I* it was reasonable for counsel to understand that method of execution claims had to be brought in § 1983 proceedings. Following *Adams I*, this Court accepted the extension of the logic of that case and of *Cooey v. Strickland*, 604 F.3d 939 (6th Cir. 2010), that not only did new § 1983 claims arise whenever the protocol was amended, but so did habeas claims on the same substantive basis. On that basis, counsel could reasonably have concluded they had a year from adoption of a new protocol to amend a client's habeas petition to add claims "newly arising" under that new protocol. Although this Court has now concluded on the basis of *Adams III* and *Landrum* that the cognizability, second-or-successive, and limitations questions must be kept separate, capital habeas petitioners should not be penalized for following the Court's lead during that period between *Adams I* and *Adams III*. The State of Ohio has not claimed any prejudice would result

from this approach since it will have to litigate the lethal injection invalidity question in the § 1983 case in any event.

**Conclusion**

For the reasons set forth above, McKnight's Motion for Leave to File an Amended Petition (ECF No. 230) is GRANTED. In lieu of the method of accomplishing the amendment proposed by McKnight, he shall file a Supplemental Petition not later than April 24, 2017, containing the proposed Grounds for Relief set forth in Exhibit 1 to the Motion (ECF No. 230-1). April 11, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
