# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,

                              Case No. 2:09-cv-059

:               District Judge Susan J. Dlott

  -vs-                               Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

## DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE DECISION

       This capital habeas corpus case is before the Court on Petitioner's Appeals to the District Court (ECF Nos. 236, 238) from the Magistrate Judge's Decision and Order Denying Motion to Amend (ECF No. 222) and his order denying authorization to appear in ancillary state court litigation (ECF No. 220). The Warden has filed a timely Response to the appeals (ECF Nos. 242, 245). On recommittal, the Magistrate Judge has filed Supplemental Memoranda on the questions presented (ECF Nos. 234, 235).

       Petitioner's objection that a motion to amend under Fed. R. Civ. P. 15 is a "dispositive" motion on which a Magistrate Judge may only file a report and recommended disposition is overruled. This Court adopts the reasoning of the Magistrate Judge in this regard and concurs with the decision of Chief Judge Sargus to the same effect in *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016).

       However, the Court agrees with the Petitioner and the Magistrate Judge that, because the questions involved are all questions of law, Petitioner is entitled to de novo review under Fed. R.

1

Civ. P. 72(a).

The Motion to Amend before the Court sought to add a ground for relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), claiming that Ohio's capital sentencing scheme under which Petitioner was sentenced is unconstitutional on the same basis as the Florida scheme held unconstitutional in *Hurst* (ECF No. 215). The general standard for considering a motion to amend under Fed. R. Civ. P. 15 is set forth in *Foman v. Davis*, 371 U.S. 178 (1962), and provides generally that motions to amend should be liberally granted unless the amendment would be futile. The Magistrate Judge here applied that standard and concluded that the proposed *Hurst* claim would be futile because Ohio's capital sentencing scheme is materially different from Florida's and *Hurst* does not apply retroactively to cases on collateral review.

The Court agrees with the Magistrate Judge that the correct reading of *Hurst* is that the relative weight of aggravating circumstances and mitigating factors in a capital case is a question of fact which must be decided in the first instance by the trial jury[1] acting unanimously and deciding the question beyond a reasonable doubt. That is to say, that issue is legally analogous to an element in the *Apprendi* line of cases.

However, the Court also agrees with the Magistrate Judge that Ohio's capital sentencing scheme is materially different from Florida's in that it requires, as Florida's did not before *Hurst*, that the trial jury weigh the evidence and conclude unanimously and beyond a reasonable doubt that aggravating circumstances outweigh the mitigating factors. Petitioner is correct that after the jury renders that verdict, under Ohio law the trial judge must independently perform that weighing function and also conclude that the aggravating circumstances outweigh the mitigating factors. But, in contrast to Florida before *Hurst*, an Ohio trial judge never reaches that stage unless the jury has previously returned the required verdict.

---

1 Nothing in *Hurst* casts doubt on the validity of that portion of Ohio's capital scheme which allows a defendant to waive a jury and be tried by a panel of three judges.

Apart from the material differences between the Florida and Ohio capital sentencing schemes, the Magistrate Judge also concluded that Hurst does not apply to cases such as this one pending on collateral review, relying on analysis under *Teague v. Lane*, 489 U.S. 288 (1989). Petitioner objects that this "finding . . . is clearly erroneous." (ECF No. 236, PageID 16931).

This objection betrays Petitioner's confusion about the standard of review. Magistrate Judge findings of fact are reviewed under the clearly erroneous standard, but conclusions of law are reviewed under a "contrary to law" standard, to wit, de novo. Magistrate Judge Merz's conclusion that *Hurst* is not retroactive under *Teague* is a pure conclusion of law which this Court reviews de novo.

On de novo re view, the Court affirms this conclusion of law by the Magistrate Judge. Petitioner is correct that the Supreme Court has held that state courts are not constitutionally bound to employ the *Teague* retroactivity analysis (Objections, ECF No. 236, citing *Danforth v. Minnesota*, 552 U.S. 264 (2008). Whatever the state courts do about applying Hurst retroactively under their own state retroactivity doctrine, this Court is bound to apply *Teague* in its own cases. Petitioner offers no analysis of *Teague* itself which suggests the Magistrate Judge's *Teague* analysis is contrary to law.

Accordingly, the Magistrate Judge's denial of Petitioner's proposed Hurst amendment and of his ancillary motion for authorization to appear in state court to present such a claim is AFFIRMED.

April 27, 2017.

                  S/Susan J. Dlott_____
                     Susan J. Dlott
                     United States District Judge