**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

GREGORY McKNIGHT

        Petitioner,

    -vs-

DAVID BOBBY, Warden,

        Respondent.

:

:

:

Case No. 2:09-cv-059

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE
REPORT AND RECOMMENDATIONS**

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 264) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 261) recommending that Petitioner's lethal injection invalidity grounds for relief (Grounds Forty-One, Forty-Two, Forty-Three, and Forty-Four) be dismissed without prejudice to their presentation in an action under 42 U.S.C. § 1983 for injunctive relief[1]. The Warden has responded to the Objections (ECF No. 265) and they are thus ripe for de novo review pursuant to Fed. R. Civ. P. 72(b)(3).

In the Report the Magistrate Judge notes that, historically, judges of this Court have permitted challenges to lethal injection methods of execution to be pleaded in habeas corpus in addition to their inclusion in injunctive relief litigation under 42 U.S.C. § 1983. The judges relied on a series of Sixth Circuit decisions in the Stanley Adams capital habeas case from the

---

[1] Such a case has been pending in this District since 2004 and is now captioned In re Ohio Execution Protocol Litig., Case No, 2:11-cv-1016. Mr. McKnight is not presently a party to that case, but nothing prevents him from joining it or filing separate litigation under § 1983.

1

Northern District of Ohio[2]. The most recent reliance on *Adams III* was *Davis v. Jenkins*, 2017 U.S. Dist. LEXIS 161152 (S.D. Ohio Sep. 29, 2017)(Sargus, Ch. J.). As the Report points out, that opinion was filed about one month before the Sixth Circuit decided *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017), and therefore could not take *Campbell* into account.

Since *Campbell* was decided, Magistrate Judge Merz has consistently taken the position that *Campbell* rather than *Adams III* governs this pleading issue. See, e.g., *Turner v. Hudson,* 2017 U.S. Dist. LEXIS 202425 (S.D. Ohio Dec. 8, 2017); *Raglin v. Mitchell,* 2017 U.S. Dist. LEXIS S.D. Ohio 213327); *Chinn v. Jenkins,* 2017 U.S. Dist. LEXIS 185221 (S.D. Ohio Nov. 18, 2017) and 2018 U.S. Dist. LEXIS 8548 (S.D. Ohio Jan. 19, 2018). At least one District Judge has already adopted the same position. *Bays v. Warden, Ohio State Penitentiary*, 2017 U.S. Dist. LEXIS 213016 (S.D. Ohio Dec. 29, 2017)(Rose, D.J.). As far as the Court knows, no judicial officer of this Court has yet rejected this analysis. Of course, opinions of others judges of the same Court are not controlling, but they can be persuasive authority.

Relying on *Davis*, Petitioner notes that *Adams III* is a published opinion, subject to the Sixth Circuit rule that one panel of the Court cannot overrule the published decision of a prior panel. That rule applies to the holdings in published opinions as opposed to dictum. The *Campbell* court did not purport to overrule *Adams III*, but concluded that the language judges of this Court had relied on to allow lethal injection invalidity claims in habeas was dictum and inconsistent with *Glossip v. Gross,* 135 S. Ct. 2726 (2015). If a published decision of the Sixth Circuit tells us that language in a prior opinion of that court is dictum and inconsistent with

---

[2] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 106 L. Ed. 2d 602 (2017), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

Supreme Court authority, we are obliged to follow the later opinion.

Petitioner relies on Judge Moore's dissent in *Campbell* to assert that the "majority's reading of *Glossip* is questionable." (Objections, ECF No. 264, PageID 17455). Certainly the ultimate "meaning" of *Glossip* is debatable, but there is no doubt that the majority in *Campbell* read *Glossip* to be inconsistent with allowing lethal injection invalidity claims in habeas. And there is also no doubt the Supreme Court passed up an opportunity to clarify *Glossip* by denying certiorari in *Campbell*. We are obliged to follow the majority's reading of *Glossip*.

McKnight argues that even if the relevant language in *Adams III* is dictum, his claims are still cognizable under *Adams I* (Objections, ECF No. 264, PageID 17455). He states that "*Glossip* did not abrogate *Adams I*" because "[t]he language from *Glossip* that the *Campbell* majority relied on was itself dicta because the cognizability of lethal injection claims in habeas corpus proceedings was not before the Court in *Glossip*." *Id.* While a debate about what is holding and what is dictum in a Supreme Court decision may be an interesting academic exercise, that is not the task in which we are engaged. Our task as a lower court is to make sense of the meaning of Sixth Circuit decisions and then to follow them as best we can, not to look for ways around them. There can be no doubt of the clear intention of the Sixth Circuit in *Campbell* to exclude lethal injection invalidity claims of the type McKnight makes from habeas corpus litigation.

McKnight argues that, because *Campbell* was decided on a second-or-successive question under 28 U.S.C. § 2244(d), it is not precedent on the underlying merits (Objections, ECF No. 264, PageID 17456-58). McKnight is correct that the Sixth Circuit did not purport to decide the merits of the underlying substantive constitutional claims in *Campbell*, but clearly did decide they were not cognizable in habeas.

3

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered de novo all of the filings on Respondent's Motion to Dismiss (ECF No. 257) with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

Accordingly, it is hereby ORDERED that Petitioner's Forty-First, Forty-Second, Forty-Third, and Forty-Fourth Grounds for Relief be DISMISSED WITHOUT PREJUDICE to their inclusion in an action under 42 U.S.C. § 1983.

January 24, 2018.

                                            S/Susan J. Dlott
                                            Susan J. Dlott
                                            United States District Judge