# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

    Petitioner,

-vs-

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:09-cv-059

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## ORDER FOR SUPPLEMENTAL BRIEFING

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition (ECF No. 271).

***Teague v. Lane***

Upon initial review of the Motion, the Court notes that Petitioner's counsel rely on *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855, 197 L.Ed. 2d 107 (2017), but make no mention of *Teague v. Lane*, 489 U.S. 288 (1989). *Teague* on its face purports to regulate the extent to which new constitutional rulings by the Supreme Court can be applied by the lower courts to cases on collateral review. Prima facie, *Peña-Rodriquez* adopts a new rule of constitutional dimension restricting the extent to which a state rule of evidence on juror impeachment of a verdict can be relied upon to preclude juror testimony about statements of racial bias directed at a defendant during deliberations. Presumably the Petitioner relies on the novelty of this rule to support his

assertion that the claims he intends to make in the amended petition are "new" or "newly arising."

Accordingly, it is ORDERED that Petitioner supplement his Motion by filing, not later than March 18, 2018, a memorandum setting forth Petitioner's position on the application of *Teague* to the Motion.

**Diligence**

One of the factors to be considered in deciding a motion to amend is whether the motion is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In support of his position on this point, Petitioner claims there is no undue delay because he filed the Motion on March 6, 2018, and "*Pena-Rodriquez* [sic] was decided March 6, 2017. McKnight's request to amend is brought within AEDPA's one-year statute of limitations." (ECF No. 271, PageID 17485[1]). However, the fact that a motion to amend is filed within twenty-four hours of the running of the statute of limitations does not in itself prove there was no undue delay involved.

Regarding delay, the Magistrate Judge needs a fuller description of what was done to discover the facts on which the Motion is based. One juror affidavit attached to the Motion was signed January 12, 2018 (ECF No. 271-1, PageID 17506). The Almany Affidavit, also attached, says Mr. Almany "has been investigating various aspects of Gregory McKnight's capital trial since May of 2017." *Id.* at PageID 17507. Almany's Affidavit is dated March 5, 2018, the day before filing, and gives no other particulars of his investigation. This is not sufficient detail to

---
[1] Petitioner also posits that the case "is still in it early stages." Hardly. But for the instant Motion, the case is ripe for decision.

persuade the Magistrate Judge that Petitioner's counsel acted with appropriate diligence after *Peña-Rodriquez* was decided.

Accordingly, it is ORDERED that Petitioner supplement his Motion by filing, not later than March 18, 2018, a memorandum setting forth all facts known to Petitioner's counsel which support a claim that they acted with due diligence. Counsel are cautioned that a blanket claim of work product protection will be skeptically read.

March 8, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge