# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

        Petitioner,

:

Case No. 2:09-cv-059

:

    -vs-

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.

:

## ORDER OVERRULING OBJECTIONS TO THE MAGISTRATE JUDGE'S DECISION AND ORDER ON MOTION TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 285) from the Magistrate Judge's Decision and Order of May 22, 2018 (ECF No. 282) denying Petitioner's Motion for Leave to File an Amended Petition (ECF No. 271).

A motion to amend a habeas petition is a pretrial nondispositive motion on which a Magistrate Judge has initial decisional authority as this Court has previously held in this case. *McKnight v. Bobby*, No. 2:09-cv-59, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017) (Dlott, J.). Factual findings are entitled to deference unless they are clearly erroneous, but legal conclusions of the Magistrate Judge are reviewed *de novo*.[1]

McKnight's Motion sought to add two new claims of racial bias at his trial based on the Supreme Court's decision in *Peña-Rodriguez v. Colorado*, ---U.S. ----, 137 S.Ct. 855 (2017). The

---

[1] Petitioner cites Render v. Warden, 889 F. Supp. 2d 1014 (S.D. Ohio 2012) (Spiegel, J.), for the proposition that both findings of fact and conclusions of law are to be reviewed de novo. The citation is inapposite. In *Render*, and in the case Judge Spiegel cites in support, *Tuggle v. Seabold*, 806 F.2d 87 (6th Cir. 1986), the Magistrate Judge reference was under 28 U.S.C. §636(b)(1)(B) for a recommended *disposition* of a habeas corpus petition. In that case review of all portions of the Magistrate Judge's recommended disposition is de novo. Not so with a motion to amend.

1

Warden opposed the Motion on the ground that under *Teague v. Lane*, 489 U.S. 288 (1989), *Peña-Rodriguez* does not apply retroactively to cases pending on collateral review (Warden's Opposition, ECF No. 279). The Magistrate Judge found that argument persuasive and denied the Motion.

Petitioner objects that *Peña-Rodriguez* does not announce a new rule of criminal procedure at all, but rather "a narrow exception to a post-conviction evidentiary rule." (Appeal, ECF No. 285, PageID 17587-90). The Magistrate Judge, Petitioner argues, has mistakenly conflated an old rule – racial bias is not permitted to play a role in criminal cases – with a narrow exception to the evidence rules which provides a new way of enforcing the old rule.

This distinction is unpersuasive. The substantive prohibition on racial bias in criminal cases is part of § 1 of the Fourteenth Amendment – the Equal Protection Clause. It is old, having become a part of the Constitution 150 years ago this month.[2] Because of persistent and pervasive racial bias in the nation, the federal courts have been called upon from its adoption to devise new subordinate rules to enforce the Equal Protection Clause. See *Strauder v. West Virginia*, 100 U.S. 303 (1880), holding a state statute preventing persons of color from serving on juries violated the Equal Protection Clause. To hold that any rule which is adopted to enforce the Equal Protection Clause is not a "new" rule would be to completely undermine the Supreme Court's purpose in adopting *Teague* in the first place – to provide a coherent rationale for retroactivity analysis.

Petitioner asserts this Court should allow the state courts to decide in the first instance whether to apply *Peña-Rodriguez* retroactively. McKnight has a pending motion for stay asserting that position (ECF No. 286) which is not yet ripe for the Magistrate Judge's decision.

---

2 July 9, 2018, was the 150th anniversary of the last State ratification needed to make the Amendment effective.

2

McKnight criticizes the Magistrate Judge's decision for comparing his request for a stay with those made by himself and other death row inmates in an effort to have the Ohio courts decide first the retroactivity of *Hurst v. Florida*, 577 U.S. ----, 136 S.Ct. 616 (2016). He asserts "[t]he litigation concerning claims under *Hurst* is not procedurally or substantively similar to McKnight's proposed amended claims . . ." (Appeal, ECF No. 285, PageID 17593). Although the claims are substantively different, the litigation contexts are parallel: motions to apply retroactively a new Supreme Court decision to cases on collateral review, filed at the last possible instant before the statute of limitations would have run, or to have this Court allow even more delay by deferring to initial state court litigation.

McKnight objects to the Magistrate Judge's observation of the length of time this case has been pending and claims "the time a case has been pending is an arbitrary and irrelevant measure by which to determine whether new claims may be brought in an amended petition." (Appeal, ECF No. 285, PageID 17594). Yet, the leading case on amendment, *Foman v. Davis*, 371 U.S. 178 (1962), quoted by Petitioner at PageID 17594, permits consideration of "dilatory motive" in deciding motions to amend.

In his recent dissent from denial of certiorari in *Jordan v. Mississippi*, 585 U.S. ----, 138 S.Ct. 2567 (2018), Justice Breyer again wrote about the "unconscionably long delays" in carrying out the death penalty in this country and would have the Supreme Court consider whether lengthy delay itself violates the Eighth Amendment. At the very least, this suggests the length of time a capital case has been pending is not irrelevant.

Upon *de novo* review, the Court finds no error in the Magistrate Judge's denial of the Motion to Amend. Petitioner's Objections are OVERRULED.

4

July 13, 2018.

                                                     s/Susan J. Dlott  
                                                     Susan J. Dlott  
                                                     United States District Judge