# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

        Petitioner,

       -vs-

DAVID BOBBY, Warden,

        Respondent.

    :

    :

    :

    :

Case No. 2:09-cv-059

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

---

# DECISION AND ORDER GRANTING PROVISIONALLY MOTION TO FILE UNDER SEAL

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Leave to File Renewed Motion for Discovery and Accompanying Exhibits Under Seal (ECF No. 293). Petitioner's counsel report compliance with S. D. Ohio Civ. R. 7.3, but that the Warden's counsel has not yet responded.

Petitioner raised similar concerns when seeking to file his Motion to Amend under Seal (ECF No. 269). The Court granted that Motion provisionally, noting that court records may be kept under seal only for good cause shown (Decision and Order, ECF No. 270, quoting *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016). In that decision the Sixth Circuit noted that "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.' *Brown & Williamson [Tobacco Corp. v. F.T.C.,* 710 F.2d [1160] at 1176*. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson.*" 825 F.3d at 305-06. Given that limitation, the Magistrate Judge granted the Motion only provisionally, subject to inspection of the documents in

camera and any objection Respondent might make (ECF No. 270, PageID 17480).

The Warden initially objected that the documents had been filed under seal in such a way that the Warden's counsel did not have access to them, essentially allowing the filing to be *ex parte* (ECF No. 272). The Magistrate Judge dealt with that objection by granting the Warden's counsel sealed document access in the case (ECF No. 273). The Warden opposed the Motion to Amend, but did not include any objections to maintaining the seal of Petitioner's Motion papers and the Magistrate Judge has not revisited that question *sua sponte*.

In justification for sealing these new materials, Petitioner's counsel write:

> McKnight's renewed motion and exhibits include information concerning not only the deliberations of the jury at both the trial and penalty phases of his trial but also views as to racial bias amongst the jurors and in Vinton County, Ohio which had a significant impact on McKnight's conviction and sentence of death. More specifically, the information contains racially charged statements about McKnight and African Americans in general. While counsel recognizes the Court's preference that all documents should be available to the public, the highly sensitive nature of the information contained within the pleading and exhibits and privacy concerns for the jurors involved compels counsel to proceed with great caution. Such information, if made available to the public, could cause significant embarrassment to and lead to the potential harassment of the jurors and their family members. For these reasons, out of an abundance of caution, counsel seeks to file documents pertaining to McKnight's jurors under seal.

(Motion, ECF No. 293, PageID 17637-38.) This language is a virtually verbatim quotation of the justification previously given on the Motion to Amend (See ECF No. 269, PageID 17474-75).

The most efficient and effective way of conducting the required *in camera* inspection of documents to determine whether they may be permanently filed under seal is to have them filed that way provisionally. That method avoids "splitting the record" by having hard copies produced for inspection and will enable appellate review of any permanent filing orders without creating

new electronic documents.  Accordingly, Petitioner is granted provisional permission to file under seal, subject to objection by Respondent and the Court's review under *Shane Group* and related precedent.  Attention of counsel is directed to Fed. R. Civ. P. 5.2(d) which codifies the Court's discretion to order redacted copies of documents filed.

August 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge