# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,                                             Case No. 2:09-cv-059

:                District Judge Susan J. Dlott
   -vs-                                             Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

## ORDER TO REDACT AND RE-FILE

On two recent occasions, the Magistrate Judge has allowed Petitioner to provisionally file documents under seal to facilitate their review by the Court for permanent sealing or unsealing, to wit, in allowing Petitioner to file under seal his Motion to Amend (ECF No. 270) and his Renewed Motion for Discovery (ECF No. 295). Under prevailing Sixth Circuit precedent, however, the Court must make an independent judgment of whether court records can be permanently sealed. *Shane Group, Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016). In moving to seal, Petitioner mentioned "the Court's preference that all documents should be available to the public." (ECF No. 293, PageID 17637.) But that preference is not idiosyncratic to this Court. Instead, it reflects the strong presumption all federal courts have long indulged in favor of openness of court records. *Shane Group, supra,* citing [*Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir. 1983)](#).

To justify maintaining a court record under seal, a party must overcome a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Group*,

1

quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *Shane Group*, citing *Brown & Williamson*, 710 F.2d at 1179. A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Shane Group*, quoting *Brown & Williamson*, 710 F.2d at 1176.

In seeking to justify maintaining these records under seal, Petitioner's counsel write of the "highly sensitive nature of the information contained within the pleading and exhibits and privacy concerns for the jurors involved." (ECF No. 293, PageID 17637-38.) Making the information public is said to threaten embarrassment and potential harassment to the jurors and their family members." *Id.* at PageID 17638.

The Supreme Court concluded in *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855, 197 L.Ed.2d 107 (2017), that eliminating racial bias in jury deliberations is of paramount importance to contemporary American jurisprudence, sufficiently so to pierce the veil that has long prevented jurors from impeaching their own verdicts. The provisionally sealed documents include evidence racial bias may have influenced the jury deliberations in this capital case. Under those circumstances, the Magistrate Judge does not believe anything other than the identity of the jurors who have provided evidence can properly remain under seal. Although no direct evidence has been provided, it is reasonable to suppose that jurors who admitted acting out of racial bias on a capital case or jurors who identified other jurors who had done so would be subject to harassment if their identity became public.

Balancing the interests of jurors in avoiding harassment (which, if it occurred, might impede their willingness to testify) and the interests of the public in knowing the bases on which

court action is taken, it is hereby ORDERED, pursuant to Fed. R. Civ. P. 5.2(d), that Petitioner refile the Motion to Amend (ECF No. 271) and Renewed Motion for Discovery (ECF No. 295) with identifying information for the jurors in those documents and their attachments redacted to obscure names and the assigned juror numbers.

If either party desires to object to this Order to obtain District Judge review, they must notify the Magistrate Judge forthwith. Absent such notification, the redacted Motions and attachments are to be filed not later than August 23, 2018.

August 20, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge