# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,                             Case No. 2:09-cv-059

:                     District Judge Susan J. Dlott
   -vs-                                     Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

## DECISION AND ORDER DENYING PETITIONER'S MOTION FOR A STAY

This capital habeas corpus case is before the Court on Petitioner's Motion to Stay and Hold in Abeyance (ECF No. 286). The Warden opposes the Motion (ECF No. 288) and Petitioner has filed Reply in support (ECF No. 296). The Motion is a non-dispositive pre-trial motion on which an assigned Magistrate Judge has authority to rule in the first instance.

Petitioner seeks a stay "pending the exhaustion of claims developed in federal habeas in the state courts of Ohio" but does not specify in the Motion to Stay what those claims are. In the parallel Motion for Authorization to Appear in State Court, he indicates his intention to move for a new trial under Ohio R. Crim. P. 33 to "assert that racial animus from the jury expressed during deliberations infected both his conviction and sentence" and incorporate[ing] by reference facts, claims, and issues raised in his Motion for Leave to File An Amended Petition." (ECF No. 287, PageID 17612-13, referencing ECF No. 271[1]). In the proposed Amended Petition, the relevant

---
[1] Per the Court's Order (ECF No. 297), the Motion for Leave to Amend his been refiled with certain sealed information redacted (ECF No. 300).

1

Grounds for Relief were

>**Forty-fifth Ground for Relief**: Gregory McKnight's Sixth, Eighth, and Fourteenth Amendment rights were violated when at least one juror voted to convict McKnight based on racial animus and bias.
>
>**Forty-Sixth Ground for Relief:** Gregory McKnight's Sixth, Eighth and Fourteenth Amendment rights were violated when at least one juror voted for death based on racial animus.

(ECF No. 271-1, PageID 17493 and 17497.)

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). *Rhines* approved the use of a stay "to militate against the unfair impact of the AEDPA statute of limitations." *Id.* at 275-76. Before the AEDPA enacted a statute of limitations for habeas cases and a strict limitation on second or successive habeas applications, a petitioner could file a petition with those claims he had exhausted while he

continued to exhaust other claims in the state courts. Conversely, if a petitioner filed a "mixed" petition with both exhausted and unexhausted claims, the federal court could dismiss the mixed petition without prejudice pending exhaustion as required by *Rose v. Lundy,* 455 U.S. 509 (1982), without depriving a petitioner of eventual merits determination of all his or her habeas claims.

The premise behind a *Rhines* stay is that there is a filed mixed petition to be stayed while exhaustion is completed. But that premise does not apply to McKnight's situation because the Court has denied his Motion to Amend (ECF Nos. 282, 290). His Petition is therefore not mixed.

The Court denied the Motion to Amend, concluding that the Supreme Court's decision in *Peña-Rodriguez v. Colorado*, ---U.S. ----, 137 S.Ct. 855 (2017), on which McKnight relies, does not apply to cases on collateral review pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), (Decision and Order, ECF No. 282, Objections overruled at ECF No. 290).

In the Motion to Amend, Petitioner asked this Court to "permit the state court to address the retroactivity of *Peña-Rodriguez* in the first instance." (ECF No. 278, PageID 17530.) In rejecting this request, the Decision and Order noted that the judges of this Court had uniformly rejected parallel requests to have the Ohio courts decide in the first instance whether *Hurst v. Florida*, 136 S. Ct. 616 (2016), would be applied retroactively. Petitioner now argues those rulings have "little bearing" on the instant Motion because *Peña-Rodriguez,* unlike *Hurst*, did not announce a new rule of criminal procedure. But in denying the Motion to Amend the Court decided *Teague* did apply to *Peña-Rodriguez* in that *Peña-Rodriguez* did create a new rule of criminal procedural law to which *Teague* applied (ECF No. 282, PageID 17571, affirmed, ECF No. 290). In other words, this interpretation of *Peña-Rodrigue* for *Teague* purposes has already been rejected by the Court.

Petitioner argues he need meet only "three minimal requirements to be entitled to a stay

3

and abey order": good cause for failure to previously exhaust, potentially meritorious claims, and lack of intentionally dilatory litigation tactics. (Motion, ECF No. 286, PageID 17604, citing *Rhines*). Petitioner has shown good cause for failure to previously exhaust because it is *Peña-Rodriguez* which would allow him, if this case were on direct review, to introduce the evidence of juror bias he has now obtained and *Peña-Rodriguez* was not decided until March 6, 2017.

As far as intentional delay is concerned, however, Petitioner filed his Motion to Amend on the eve of the anniversary of *Peña-Rodriguez,* one day before the statute of limitations would have run. Thus Petitioner, who is under a sentence of death and has motive to delay, waited until the last possible moment to file.

Lastly, McKnight's new claims have merit in the abstract sense that racial bias in the determination of guilt and sentence in a capital case is forbidden by the Equal Protection Clause. But they do not have merit in the sense that the evidence McKnight has now gathered of such bias and any he might gather by further discovery is not admissible because the "*aliunde*" rule, which prohibits impeachment of a jury verdict by the testimony of member of the jury unless a foundation is laid by competent evidence from some other source, is codified in Ohio R. Evid. 606(B) and has been regularly enforced by the Ohio courts. Indeed Fed R. Evid. 606(b), which codifies the *aliunde* rule for federal courts, was upheld as recently as *Warger v. Shauers*, ___ U.S. ___, 135 S.Ct. 521, 190 L. Ed. 2d 422 (2014), to prevent use of a juror's testimony that another juror lied during *voir dire.*

Accordingly, the Motion to Stay is DENIED.

August 27, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge