# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,                               Case No. 2:09-cv-059

:                District Judge Susan J. Dlott
   -vs-                                      Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

    Respondent.

---

# DECISION AND ORDER DENYING PETITIONER'S MOTION FOR AUTHORIZATION TO APPEAR IN ANCILLARY STATE COURT LITIGATION

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Authorization to Appear in Ancillary State Court Litigation (ECF No. 287). The Warden opposes the Motion (ECF No. 288) and Petitioner has filed a Reply in Support (ECF No. 296).

Petitioner wishes to exhaust in state court his claims that racial bias infected jury deliberations in both phases of his capital trial. To do so, he intends to file a motion for new trial under Ohio R. Crim. P. 33, citing both newly discovered evidence under Ohio R. Crim. P. 33(A)(6) and "various legal errors" under Ohio R. Crim. P. 33(A)(1) through (A)(5) (Motion, ECF No. 287, PageID 17612). What these asserted legal errors might be, Petitioner has not disclosed to this Court. Presumably the newly discovered evidence would consist at least in part of the evidence of juror bias presented to this Court in support of McKnight's Motion to Amend (ECF No. 271; redacted version at ECF No. 300).

At the outset of this case, the Court appointed Assistant Federal Public Defenders David

Stebbins and Sharon Hicks to represent McKnight pursuant to 18 U.S.C. §§ 3006A and 3599 and the Court's Criminal Justice Act Plan (ECF No. 4, PageID 19 and notation order granting). In seeking expansion of that appointment, McKnight relies on the Supreme Court's interpretation of § 3599 in *Harbison v. Bell*, 556 U.S. 180 (2009). The Warden's opposition does not discuss *Harbison* and Petitioner's Reply adds nothing on the scope of appointment question.

18 U.S.C. § 3599(e) provides:

> **(e)** Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

In *Harbison* the Supreme Court confirmed what the plain text says: an appointment extends to state clemency proceedings. Chief Justice Roberts was able to concur in the judgment because "the best reading of the statute avoids the problem: Section 3599(e)'s reference to "subsequent stage[s] of available judicial proceedings" does not include state judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings." McKnight's new trial motion will not be a clemency application, but it will also not be "after" federal habeas.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011), a capital habeas petitioner sought expansion of the scope of representation to include competency-to-be-executed proceedings and the reopening of his state post-conviction proceedings. As to the first branch of the request, the circuit court found it barred by § 3599(a)(2) which provided for appointment only when the state declined to appoint. As to the second branch, the proposed reopening was on state grounds only and not to

exhaust a federal habeas claim. The parties have not discussed the application of *Irick* or other precedent from Sixth Circuit courts interpreting § 3599(e).

In *Hill v. Mitchell*, Case No. 1:98-cv-452, 2009 U.S. Dist. LEXIS 87542 (S.D. Ohio Sept. 4, 2009), cited approvingly in *Irick*, Judge Sargus of this Court held that § 3599(e) did not authorize appointment in an *Atkins* post-conviction proceeding in Ohio under Ohio Revised Code § 2953.21 because Ohio Revised Code § 2953.21(I) required appointment of counsel in such a case. The undersigned followed *Hill* in denying expansion of the scope of appointment for a successive post-conviction petition in *Conway v. Houk,* Case No. 3:07-cv-345 (ECF No. 139, Dec. 21, 2011). However, in *Gapen v. Bobby*, Case No. 3:08-cv-280, 2013 U.S. Dist. LEXIS 145415 (S.D. Ohio Oct. 8, 2013)(Merz, M.J.), the Court held the scope could be expanded to a motion for new trial because Ohio law did not provide for appointment of counsel in such cases, citing *State v. Clumm*, Case No. 08CA32, 2010 WL 364460 (Ohio App. 4th Dist. Jan. 28, 2010). In *Jackson v. Bradshaw*, Case No 2:03-cv-983, 2017 U.S. Dist. LEXIS 69910 at *2-3 (S.D. Ohio May 8, 2017), Judge Smith of this Court refused to expand representation to state proceedings to "exhaust an actual innocence claim developed by federal clemency counsel as well as new claims pursuant to *Hurst v. Florida,* 136 S.Ct. 616, 131 L.Ed.2d 504)." In *Jackson,* final judgment had been entered six years earlier; the nature of the state proceedings were "successor postconviction proceedings."

The precedent does not supply clear guidance. It does not appear McKnight is entitled to appointment of counsel by the state court, which weighs in favor of expansion. These habeas proceedings are not complete, which also weighs in favor. On the other hand, McKnight does not seek to exhaust a claim pleaded in this case because there are no unexhausted claims. While the Ohio courts are not prohibited by the Constitution from giving *Peña-Rodriguez v. Colorado*, ___U.S. ___, 137 S.Ct. 855 (2017), the retroactive effect this Court has denied, Petitioner cites no

Ohio case that has yet done so.  His proposed new trial motion in the state courts is more in the nature of a new judicial proceeding than a subsequent stage of this one.

The Motion for Authorization is accordingly DENIED.

August 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge