# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

    Petitioner,

Case No. 2:09-cv-059

:

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

  -vs-

DAVID BOBBY, Warden,

:

    Respondent.

---

# DECISION AND ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Discovery (ECF No. 295; filed publicly in redacted form at ECF No. 301). Under S. D. Ohio Civ. R. 7.3, Petitioner's counsel reported not contacting the Warden's counsel for consent to the motion because of a reasonable expectation consent would not be forthcoming.

Petitioner's request is to depose "all jurors and alternates regarding their knowledge of and exposure to racial bias during the trial (Third Claim) and their failure to follow the trial court's instructions (Thirty-Second Claim)." *Id.* at PageID 17643. The relevant Grounds for Relief read:

> **Third Ground for Relief**
>
> Gregory McKnight was deprived of due process, a fair trial and a fair sentencing hearing in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights due to the trial court's failure to change venue in light of the pervasive racial bias in the Vinton County, Ohio community.

1

**Thirty-Second Ground for Relief**

> Gregory McKnight's rights to a fair trial, due process and a reliable sentencing determination were denied under the Fifth, Sixth, Eighth, and Fourteenth amendments when members of his jury engaged in misconduct by failing to follow the trial court's instructions of law.

(Amended Petition, ECF No. 127, PageID 15684, 15841.)

Although the Amended Petition was not filed until August 26, 2013, these claims were included verbatim in the original Petition filed October 14, 2009 (ECF No. 9, PageID 93, 250). In compliance with Fed. R. Civ. P. 16, the Magistrate Judge held a scheduling conference on October 18, 2009, and set a deadline for filing any motion for discovery of sixty days after the reply was filed (ECF No. 11, PageID 287). That deadline was later amended (ECF No. 23) and McKnight filed his First Motion for Discovery on December 15, 2010 (ECF No. 27). As part of that Motion, McKnight sought to depose

> all jurors as to their exposure to pretrial publicity and the effect that had on their deliberations (Second Claim), as to their knowledge of and exposure to racial biases in Vinton County, Ohio during the trial (Third Claim), as to their knowledge of a juror sleeping during the trial (Fourteenth Claim), and as to their failure to follow the court's instructions (Thirty-Second Claim).

*Id.* at PageID 1243-44. The Magistrate Judge denied this request to depose jurors and alternates upon concluding that "[a]ny testimony from the jurors on how pretrial publicity, racial bias, or failure to properly understand and follow the instructions would be inadmissible under Fed. R. Evid. 606(b)." (Decision, ECF No. 31, PageID 1313, aff'd, ECF No. 54).[1] An expected motion

---

[1] This Decision was filed February 2, 2011, at a time when this Court was regularly holding evidentiary hearings in capital habeas corpus cases. This was shortly before the April 4, 2011, decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011), which eliminated that practice.

for discovery relating to Ohio's amended lethal injection protocol never materialized (ECF No. 131).

On January 14, 2016, having resolved McKnight's issues regarding representation, the Magistrate Judge filed a Notice indicating his view that the case was ripe for decision, but invited objections (ECF No. 196). Having considered the responses, the Magistrate Judge granted McKnight until April 1, 2016, to file a "renewed motion to stay the case and hold it in abeyance pending state court litigation." (ECF No. 200, PageID 16441.) A number of subsequent motions to amend or to hold the case in abeyance pending state court litigation consumed the year and a half between April 1, 2016, and this renewed Motion for Discovery.

The claims on which McKnight seeks discovery have been pending for almost ten years. The same discovery – depositions of all jurors and alternates – was previously sought and denied by both the Magistrate Judge and District Judge Dlott (ECF Nos. 31 and 54). Although not labeled in that way, McKnight's present motion is effectively a motion for reconsideration.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). The decision that McKnight should not be authorized to depose his trial jurors is the law of this case which requires similar support for deviations:

> The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. *McKenzie v. BellSouth Telecomms.,* 219 F.3d 508, 513 (6th Cir. 2000)(citing *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994)). However, a ruling can be reconsidered: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Id.* at 513 n. 3 (citing *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)).

*Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.).

McKnight's instant Motion recognizes the law of the case doctrine (ECF No. 301, PageID 17705, citing *Miller*). Relying on the second branch of *Miller*, however, McKnight asserts there is new controlling authority.

> The Supreme Court's decision in *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017), constitutes controlling subsequent authority that now permits Mc Knight to avoid the strict application of Rule 606(b) and present evidence from jurors that racial animus and racial bias affected the jury's deliberations at both phases of the trial and related misconduct by some jurors. The *Peña-Rodriguez* Court held that the no-impeachment rule of Fed. R. Evid. 606(b) must give way to permit courts to consider evidence of jurors' racially biased statements and the effect those racially biased statements had on deliberations in order to protect the right to a trial by a fair and impartial jury. *Id.* at 869.

*Id.* at PageID 17705-06.)

It is correct that *Peña-Rodriguez* is subsequent authority from the highest possible source, but this Court has already applied *Teague v. Lane*, 489 U.S. 288 (1989), in this very case and held that *Peña-Rodriguez* does not apply to cases on collateral review. *McKnight v. Bobby*, 2018 U.S. Dist. LEXIS 86263 (S.D. Ohio May 22, 2018), aff'd, ECF No. 290. McKnight has cited no decisional authority to the contrary.

4

Moreover, assuming the Ohio courts decided these two constitutional claims on the merits, McKnight faces an additional barrier to presenting the results of any proposed discovery to this Court. Under *Cullen v. Pinholster*, 563 U.S. 170 (2011), this Court is limited to the record before the state courts in determining whether the state court decisions violate 28 U.S.C. § 2254(d)(1) or (2). Entirely apart from Fed. R. Evid. 606(b), evidence discovered in these proposed depositions would not be admissible in these habeas proceedings because of *Pinholster*.

Therefore, Petitioner's renewed Motion for Discovery is DENIED.

August 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge