# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

    Petitioner,

-vs-

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:09-cv-059

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Appeals (ECF Nos. 314, 315, and 316) from the Magistrate Judge's Decisions and Orders (ECF Nos. 304, 305, and 306) denying respectively Petitioner's Motions for a Stay (ECF No. 286), for authorization to appear in state court (ECF No. 287), and for discovery (ECF No. 301). The Warden has filed a combined Response (ECF No. 317) and Petitioner has, with court permission, filed a Reply to the Response (ECF No. 321).

**Standard of Review**

Fed. R. Civ. P. 72(a) authorizes magistrate judges to decide nondispositive motions in referred cases. Upon timely appeal from or objection to magistrate judge orders on nondispositive matters, the district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a

1

magistrate judge's findings of fact and the contrary-to-law standard to his or her conclusions of law. See *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991)), overruled on other grounds, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997); see also *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001). A decision is contrary to law "if the magistrate [judge] has misinterpreted or misapplied applicable law." *Hood*, 2001 WL 327723, at *2 (internal quotation and citation omitted).

**Analysis**

In March 2008 Petitioner sought leave to file an amended petition to add the following Grounds for Relief:

> **Forty-Fifth Ground for Relief:** Gregory McKnight's Sixth, Eighth, and Fourteenth Amendment rights were violated when at least one juror voted to convict McKnight based on racial animus and bias.
>
> **Forty-Sixth Ground for Relief:** Gregory McKnight's Sixth, Eighth and Fourteenth Amendment rights were violated when at least one juror voted for death based on racial animus.

(ECF No. 271-1, PageID 17493 and 17497.) The Court denied the Motion to Amend, concluding that the Supreme Court's decision in *Peña-Rodriguez v. Colorado*, ---U.S. ----, 137 S.Ct. 855 (2017), on which McKnight relied, does not apply to cases on collateral review, pursuant to *Teague v. Lane*, 489 U.S. 288 (1989)(Decision and Order, ECF No. 282, Objections overruled at ECF No. 290).

2

In his Motion to Stay and Hold in Abeyance, Petitioner asked this Court to allow the state courts of Ohio to decide the *Peña-Rodriguez* retroactivity question as he had in the Motion to Amend. The Magistrate Judge rejected this argument because McKnight's habeas petition is not a "mixed" petition with unexhausted claims, a premise for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). He also noted that the Judges of this Court had uniformly rejected sending cases with possible claims under *Hurst v. Florida*, 136 S. Ct. 616 (2016), to the Ohio courts for initial decisions on the retroactivity of those claims. He noted McKnight's Motion to Amend had been filed on the very last day before the one-year statute of limitations would have run on a *Peña-Rodriguez* claim, supporting an inference of intentional delay. Finally he noted that the evidence McKnight intended to provide the state courts on his proposed motion for new trial would have been excludable under Ohio R. Evid. 606(B).

McKnight begins his Objections by arguing "the gravity of these claims based on newly discovered evidence should not be minimized in any way." The Court agrees, but finds no place in the Magistrate Judge's Decision that minimizes the gravity of racial bias in jury verdicts. The question is not whether racial bias in jury verdicts is deplorable which it surely is. The question before the Court is instead whether to remit the *Peña-Rodriguez* retroactivity issue to the state courts.

The Court accepts counsel's explanation of the difficulty of obtaining juror interviews, particularly about racial bias, and the time required to do so (Objections, ECF No. 314, PageID 17784-86). As counsel argues this would certainly be more time consuming than the records reviews needed to make *Hurst* claims. *Id.* at PageID 17785.

However, filing the Motion to Amend the day before the statute of limitations ran mirrors the practice of the capital habeas bar with filing claims under *Hurst*. Magistrate Judge Merz commented on this pattern in another capital habeas case:

3

> Smith insists he has not acted in bad faith because his "request to amend is brought within AEDPA's one year statute of limitations." (ECF No. 86, PageID 2276.) The Motion to Amend was filed January 12, 2017, on the anniversary of *Hurst*. The fact that an amendment is filed within the statute of limitations does not per se prove it was filed without undue delay. To suggest that seven such *Hurst* motions on this judge's docket and more on the dockets of other judges of this Court, all filed within hours of one another on the last day before the statute ran or on the very day, were all filed without "undue delay" tests the credulity of the Court.

*Smith v. Pineda*, 2017 WL 631410, at *5. Chief Judge Sargus and District Judge Marbley have endorsed this observation in other capital habeas cases. *Lindsey v. Jenkins*, Case No. 1:03-cv-702 (S.D. Ohio Sept. 25, 2017); *Twyford v. Bradshaw*, Case No. 2:03-cv-906 (S.D. Ohio Sept. 12, 2017). Counsel provide no explanation of why the extra work to prepare a *Peña-Rodriguez* claim would take exactly 364 days.

Finally, Petitioner notes that this Court's decision to deny the Motion to Amend is subject to reversal on appeal and McKnight would then be required to exhaust in state court after such a reversal (ECF No. 314, PageID 17786). While that is true, this Court cannot decide issues contrary to its best understanding of the law because an appellate court might eventually decide differently.

In addition to denying a stay to permit state court exhaustion, Magistrate Judge Merz also denied Petitioner's Motion for Authorization to Appear in Ancillary State Court Litigation (ECF No. 305). The ancillary litigation would be McKnight's intended motion for a new trial in the Vinton County Court of Common Pleas. Applying 18 U.S.C. § 3599(e) but recognizing that precedent provided no clear guidance, Magistrate Judge Merz concluded the proposed new trial motion was "more in the nature of a new judicial proceeding than a subsequent stage of this one." *Id.* at PageID 17723. In his appeal, McKnight points to no precedent holding that appointment of federal habeas counsel to pursue a new trial motion in the state courts is required under § 3599(e).

4

Given the frequency with which new trial motions or successive petitions for post-conviction relief have become standard practice in capital habeas cases, adopting the practice of authorizing federal habeas counsel to pursue those actions would greatly expand the use of federal defender time in state court litigation.

McKnight argues denying authorization places him "in the untenable position of attempting to find qualified counsel to represent him on his new trial motion pro bono, or worse yet attempting to litigate his motion *pro se*." He does not mention the possibility of applying to the state courts for appointed counsel or obtaining representation from the capital unit of the Ohio Public Defender's Office. In *Irick v. Bell*, 63 F.3d 289 (6th Cir. 2011), the Sixth Circuit denied expanding the scope of representation to include competency-to-be-executed proceedings and reopening of state post-conviction proceedings because the state courts had not declined to appoint counsel. In *Hill v. Mitchell*, 2009 U.S. Dist. LEXIS 87542 (S.D. Ohio Sept. 4, 2009), cited approvingly in *Irick*, Judge Sargus declined to expand the scope of representation to include appointment in an *Atkins v. Virginia* post conviction proceeding, finding that the state court would appoint counsel. This Court previously denied expansion of the scope of representation in this case to include successor post-conviction proceedings to raise a *Hurst* claim (ECF No. 246). Given this precedent, McKnight has not shown that the Magistrate Judge's decision denying state court authorization is contrary to law.

Finally, McKnight appeals (ECF No. 316) the Magistrate Judge's decision denying him discovery (ECF No. 306). The Magistrate Judge did so on grounds this Court had previously denied the same requested discovery and reiterated the conclusion that retroactive application of *Peña-Rodriguez* was barred by *Teague*.

In appealing the Magistrate Judge decision, McKnight again argues *Peña-Rodriguez* did not announced a new rule of criminal procedure and therefore *Teague* does not apply (Appeal, ECF No. 316, PageID 17800-04). McKnight previously suggested this distinction between rules of

5

criminal procedure and rules of evidence under *Teague* (ECF No. 278, PageID 17526-30). The Magistrate Judge rejected this distinction in denying leave to amend to add *Peña-Rodriguez* claims (ECF No. 282, PageID 17568-76). McKnight appealed (ECF No. 285) and the Court overruled the objections, finding the purported distinction "unpersuasive" (ECF No. 290, PageID 17628). McKnight's repetition of the same suggested distinction amounts, therefore, to a request for reconsideration.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor. Two judges of this Court have written persuasively on this issue:

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

> The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. *McKenzie v. BellSouth Telecomms.*, 219 F.3d 508, 513 (6th Cir. 2000) (citing United States v. Moored, 38 F.3d 1419, 1421-22 (6th Cir. 1994)). However, a ruling can be reconsidered: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. Id. at 513 n. 3 (citing Hanover Ins. Co. v. American Eng'g Co., 105 F.3d 306, 312 (6th Cir. 1997)).

*Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.) McKnight's appeal does not show any of the three factors which would warrant reversal of this Court's prior

6

position. Petitioner produces no evidence of any change in the law since July of this year when the Court previously rejected this argument.

**Conclusion**

McKnight has not shown that any of the three decisions appealed is based on a clearly erroneous finding of fact or is contrary to law. Petitioner's Objections are OVERRULED.

November 26, 2018.

_____
Susan J. Dlott
United States District Judge