# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GREGORY McKNIGHT

:

Petitioner,

Case No. 2:09-cv-059

:

District Judge Susan J. Dlott
-vs-
Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

:

Respondent.

---

# DECISION AND ORDER OVERRULING PETITIONER'S OBJECTIONS REGARDING HIS RENEWED MOTION FOR EVIDENTIARY HEARING

---

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 327) to the Magistrate Judge's Decision and Order Denying Petitioner's Renewed Motion for Evidentiary Hearing (ECF No. 324). Respondent has replied (ECF No. 328).

The question of whether or not to conduct an evidentiary hearing in a habeas corpus case is a pre-trial non-dispositive issue which an assigned magistrate judge can decide in the first instance, subject to objection under Fed.R.Civ.P. 72(a). A reviewing District Judge may set aside all or any part of any such magistrate judge order that is clearly erroneous or contrary to law. *Id.*

If granted an evidentiary hearing, McKnight would present the testimony of all jurors and alternates from his trial on his Third and Thirty-Second Grounds for Relief, which claim jury deliberations were infected with racial bias.

McKnight previously moved for and was denied an evidentiary hearing to present similar evidence (ECF Nos. 49, 64, 93). His Renewed Motion claims that he has now "developed relevant

1

evidence that was previously deemed inadmissible but that is now admissible under the recent Supreme Court decision in" *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855, 197 L.Ed. 2d 107 (2017). (ECF No. 309, PageID 17737.) The Magistrate Judge denied the Renewed Motion because this Court has already decided that *Peña-Rodriguez* does not apply to cases pending on collateral review and thus an evidentiary hearing was barred by the law of the case doctrine (ECF No. 324, PageID 17845).

McKnight concedes that it is the law of this case that *Peña-Rodriguez* does not apply to cases pending on collateral review. McKnight notes that the law of the case doctrine does not limit a District Court's power to reconsider its own its own interlocutory decisions. However,

> McKnight maintains that this Court wrongly decided that *Teague* bars the application of *Peña-Rodriguez* to his case, and implores the court to revisit that determination because its decision will indeed work a manifest injustice insofar as McKnight's conviction may be upheld and his death sentence carried out in spite of extremely troubling evidence that McKnight's jury voted to convict and sentence him to death based on the color of his skin rather than the quality of the evidence against him.

(Objections, ECF No. 327, PageID 17858.)

To show that the Court's prior decisions applying *Teague* are wrong, McKnight first argues that *Peña-Rodriguez* did not announce a new rule of constitutional procedure. This Court rejected that distinction before the Magistrate Judge wrote the Decision now under review. *McKnight v. Bobby*, Case No. 2:09-cv-59, 2018 WL 6204668 (S.D. Ohio Nov. 28, 2018). Thus the Magistrate Judge's Decision is contrary to law only if this Court's prior Decision is contrary to law. In general, of course, the law of the case may be overcome by showing a prior decision was wrong or has been undermined by more recent higher authority.

McKnight next argues that *Peña-Rodriguez* did not create a new rule but enforced an old

2

rule barring racial bias from infecting jury deliberations (Objections, ECF No. 327, PageID 17859). Of course, it is true that the Supreme Court's efforts to eliminate the pernicious influence of race in the criminal justice system are quite old. For example, in *Strauder v. West Virginia*, 100 U.S. 303 (1880), only twelve years after the Fourteenth Amendment was ratified, the Court forbade racial discrimination in the selection of grand juries. But there is no doubt that *Peña-Rodriguez* changed the law in criminal cases: before that decision, the *aliunde* rule could be relied on by States to preclude any inquiry into jury deliberations. After *Peña-Rodriguez*, the *aliunde* rule cannot be enforced to prevent that inquiry when racial bias is involved.

McKnight's third argument is that *Peña-Rodriguez* "has no bearing on the manner of determining a defendant's culpability or sentence" and thus is not a rule of criminal procedure in that sense. Indeed, McKnight says, it only applies to post-conviction impeachment of a verdict which "clearly occurs long after the verdict is rendered . . . ." (Objections, ECF No. 327, PageID 17860.) Not so. If a juror came forward with evidence of racial bias in deliberations the day after the verdict was entered, *Peña-Rodriguez* would permit the testimony.

In any event, none of the distinctions offered by McKnight persuades the Court its prior decisions were wrong. Moreover, McKnight points to no decisions of other courts which have found *Peña-Rodriguez* applies retroactively despite *Teague*. To the contrary, in *Tharpe v. Warden*, 898 F.3d 1342 (11th Cir. Aug. 10, 2018), *cert. den.* 2019 U.S. LEXIS 2085 (2019), the court reached the same conclusion this Court has reached: *Teague* prevents *Peña-Rodriguez* from being applied to cases on collateral review. The denial of certiorari in *Tharpe* was unanimous; even in concurrence Justice Sotomayor expressed no disagreement with the Eleventh Circuit's ruling on retroactivity.

The Court accordingly adheres to its prior conclusion that *Peña-Rodriguez* does not apply

3

to cases pending on collateral review. The Magistrate Judge's Decision to that effect is not contrary to law and Petitioner's Objections are therefore OVERRULED.

April 10, 2019.

_Susan J. Dlott_
Susan J. Dlott
United States District Judge